LEE et al., Appellants, v. CLARK IMPLEMENT COMPANY et al., Respondents.

(141 N. W. 986.)

1. **Appeal—Insufficiency of Evidence—Appeal From Order Denying New Trial, Necessity For—Assignments of Error—Findings.**

   There being no appeal from the order denying a new trial, assignments and specifications of insufficiency of evidence to sustain findings, even had there been such in the record, would not have been available; hence, the findings fully negativing all allegations on which plaintiff seeks relief, dismissal of the action was proper.

2. **Drains—Assessments—Estoppel to Raise Objections.**

   Where plaintiff's grantor abandoned his appeal from commissioners' order establishing a drainage ditch, and the appeal was not perfected by plaintiffs, who actively approved the construction of ditch, and were parties thereto, requesting its early completion and agreeing with their grantor to pay any assessments that might be levied against the land, which they knew would be benefited, they are estopped, both from ques-

tioning any irregularities in proceedings and taking advantage of entire want of jurisdiction of commissioners to establish the ditch, so as to avoid the assessments.

3. **Constitutional Law—Vested Rights—Drainage Assessment Certificates—Statutes—Remedy for Foreclosure of Lien.**

Drainage assessment certificates issued under Laws 1907, Ch. 134, Sec. 7, carried with them a lien upon the property benefited, enforceable by foreclosure; and, the legislature being powerless to impair vested right to such remedy, **held,** that Laws 1909, Ch. 102, Sec. 5, providing for enforcement of such certificate liens by county treasurer in same manner as delinquent taxes, is inapplicable to such certificates. Nor can the legislature enact a law rendering more difficult or uncertain the enforcement of a right under an existing lien.

(Opinion filed May 24, 1913.)

Appeal from Circuit Court, Lincoln County. Hon. JOSEPH W. JONES, Judge.

Action by John G. Lee and others against the Clark Implement Company and others, to cancel certain drainage ditch certificates; defendants counterclaiming for foreclosure thereof. Judgment dismissing complaint and for defendants on the counterclaim. An order denying a new trial was entered, but the appeal by plaintiffs was from the judgment only. Affirmed.

*C. B. Kennedy,* for Appellants.

On the face of the judgment roll it appears without controversy that the board of county commissioners were without power to make any assessment and all their proceedings were void.

When statutory proceedings are absolutely void no estoppel can take place. Ruhland v. Jones, 13 N. W. 686; Kee v. Hull, 35 Neb. 49; Schroder v. Kipp, 97 N. W. 909. Void special assessments can be enjoined even if the tax payer knew of the construction of the improvement. Harmon v. City of Omaha, 72 N. W. 671; Morris v. Merrill, 62 N. W. 665.

This action was commenced in August, 1909, after the laws of 1907 went into force and this amendatory act of 1909 took away the jurisdiction of the court to enforce a tax assessment.

If in a purely statutory proceeding the administrative board acts without jurisdiction, or, having acquired it, loses jurisdiction by failing to comply with substantive successive statutory requirements then its acts or proceedings are void and no action on the

part of those sought to be affected thereby, is necessary by appeal or otherwise. Town of Waine v. Cladwell, S. D., 47 N. W. 545.

## IN REPLY.

The legislature did change the law providing that ditch certificates under the law of 1907 might be enforced in the manner in which mortgage liens are enforced; the law of 1909 repealed this law and required that these special assessments should be enforced in the same manner as other taxes are enforced.

This change ousted the jurisdiction of the circuit court. That the legislature had power to make this change is well settled. In the Matter of the Trustees of the N. Y. Episcopal Public Schools, 31 N. Y. 574; Murray v. Gault et al., 98 N. E. (Ind. 1912) 878; Zintsmaster v. Aiken, 90 N. E. (Ind.) 82.

In order to hold that the new statute is void it must appear that the obligations of the respondent's certificates are impaired by the statute. Respondent contends that certain steps must be taken under the new law not required under the law repealed. This is no objection. "A change in the method of procedure for the enforcement of a liability does not ordinarily constitute a change in the liability so as to render the law ex post facto and void. State v. Banks, 7 S. D. 639; 65 N. W. 33."

"A mere rule of evidence is not a vested right." Bright v. Eches, 69 N. W. 824 (S. D.).

*A. B. Carlson,* for Respondents.

Defendant contends that its remedy still is that provided by the law in force at the time of the issuance of these certificates, and that this remedy can not be taken away by statute and that foreclosure will still lie. We concede that the legislature can properly change the rules of evidence and procedure, but such right is limited. The legislature can not, directly or indirectly, take away any substantial right existing at the time of the issuance of the certificates. It can not enact a law which makes it more difficult in any degree to enforce its right as this existed when the certificates were issued. Blake et al. v. Cooper et al., 106 N. W. 566, 4 L. R. A. (N. S.) 1074 N. D.

Does the act of 1909 make the contract which defendant holds less easy of enforcement or impair it or lessen its value? This question must be answered in the affirmative.

On account of the vast difference in the laws last referred to, it is out of the question to enforce these certificates under the laws of 1909.

Section 5 of chapter 102 of. these last laws provided a method whereby ditch assessments can be spread upon the tax list and, enforced by the county treasurer, as ordinary taxes, but before this can be done there are several prerequisites which were not contained in the laws of 1907 with reference to drainage. Under the latter law it was necessary only to file without giving notice, a certified copy of the order of assessments with the county treasurer. From that time it became a lien upon the lands affected and if not paid within 10 days, drew interest at six per cent. Under the laws of 1909 such certified copy could not be filed until: (a) 30 days after the making of the assessment; (b) notice when the same would be filed was required to be given; (c) a penalty of five per cent. attached unless the assessment was paid within 10 days; (d) such assessment should be enforced by a sale of the property at the annual tax sale, and (e) the certificates were required to contain material matters not necessary in former certificates. (Sec. 5.)

Defendant contends that there is nothing before this court which it has the right to review, and plaintiffs are foreclosed by findings to which there were no objections made or filed, and there are no specifications in the record indicating wherein the evidence is insufficient to sustain the findings.

Plaintiffs are estopped from now attacking the validity of the ditch proceedings in question for the reason that both the plaintiffs and their grantor, William G. Brooks, had so conducted themselves as to make it now unjust to permit them to allege the illegality of the proceedings. DeNoma v. Murphy, 133 N. W. 703 (S. D.); Slingerland v. Conn, 129 N. W. 376 (Minn.)

SMITH, J. Appeal from the circuit court of Lincoln county. Action to cancel certain ditch certificates issued for the construction of a drainage ditch, which certificates purport to be a charge against lands owned by plaintiffs Lee.

The complaint alleges that on November 9, 1908, the county commissioners of Lincoln county executed and delivered to the defendant, the Clark Implement Company, three ditch certificates one for $90.47, one for $72.38, and one for $58.80; that at the inception

of the ditch proceedings the legal title to the land now owned by plaintiffs Lee was in Mary A. Cooper; that the petition for the ditch was signed by one H. N. Cooper in his own right, and also purports to be signed by Mary A. Cooper, his wife, by H. N. Cooper, agent; that H. N. Cooper was not the owner of the land, and had no authority to sign the name of his wife, Mary A. Cooper, to said petition; that the undertaking required by the statute in such proceedings was signed by one Frank Albaugh as principal, who was not a signer of the petition; that the bond was signed by H. N. Cooper as surety, he having signed the petition; that the conditions of the bond were not as required by law, in that liability was limited to the sum of $500, while it is alleged the statute requires an unlimited liability; that the assessments against the lands in the district were never equalized by the county commissioners; that the time for equalization was fixed by the board at the January meeting, 1906, for the 2d day of March, 1906, and no meeting was held at that time. For these reasons, plaintiff alleges the board was without authority or jurisdiction to issue the assessment certificates.

The answer contains a general denial of the allegations of the complaint and a counterclaim demanding foreclosure of the liens of the assessment certificate and their establishment by a decree of the court as liens against the lands of the plaintiffs. For a further defense against plaintiffs' cause of action, the answer alleges, in substance, that from the beginning of the ditch proceedings, and during the time of the construction of the ditch, and at the time of the issuance of the certificates, the plaintiffs and their grantor had full knowledge and notice of all the steps and proceedings taken therein, and of all orders made by the commissioners, and of all that was done in the construction of the ditch, and in all things consented to and acquiesced in the same, and that in law and equity plaintiffs should be estopped from alleging irregularities or want of jurisdiction in the proceedings of the board.

Trial to the court. Findings of fact and conclusions of law adverse to plaintiffs' cause of action, and judgment dismissing same. Findings of fact and conclusions of law for defendant upon his counterclaim, and decree of foreclosure of the liens for the amount due on the assessment certificates. Motion for new trial was denied. Plaintiffs appeal only from the judgment dismissing

the complaint, and from the judgment of foreclosure. John H. Snyder, joined as plaintiff, holds a mortgage against the land owned by his co-plaintiffs Lee, but the mortgage is not shown to be a lien prior or superior to the lien of the ditch certificates. The plaintiffs, by their assignments of error, apparently seek to review the facts alleged in the complaint, relating to irregularities and want of jurisdiction in the proceedings of the board.

[1] No assignments or specifications of insufficiency of evidence to sustain the findings appear in the record; nor would such assignments be available, if made except upon an appeal from the order denying the motion for a new trial. Hence the only question upon the record before us is whether the findings of the trial court sustain the conclusions of law and judgment. The findings are adverse to and fully negative all the allegations of fact in the complaint upon which plaintiffs seek the relief demanded, and for that reason there was no error in the dismissal of the plaintiffs' complaint. The sufficiency of the evidence to sustain the findings is not before the court.

[2] In the case of Irwin v. Lattin, 135 N. W. 759, this court held that, unless the order denying a new trial is appealed from, either independently, or brought up for review on appeal from the judgment, the sufficiency of the evidence to sustain a finding or verdict cannot be reviewed in this court. In any event, we think the finding of the trial court on the matters of estoppel pleaded in the answer is conclusive against plaintiffs' alleged cause of action. Finding No. 11 is as follows: "(11). That after the making of the order of the said board of county commissioners described in paragraph 4 hereof the said Wm. G. Brooks, plaintiffs Lee's immediate grantor herein duly perfected an appeal from said order to this court, which appeal was so made on the 20th day of March, 1906, and filed herein on the 22d day of March, 1906, and which appeal was subsequently abandoned; that thereafter these plaintiffs Lee became the owners of said land, but never continued, but abandoned, said appeal; that said plaintiffs were cognizant of each and all of the acts performed toward the establishment of said ditch, subsequent to the making of said order described in said paragraph 4 hereof; that they acquiesced therein with full knowledge thereof; that they encouraged the construction thereof, and were parties thereto; they urged upon said board of county

commissioners the speedy construction of said ditch, and made no objection thereto; that they knew the lands herein described and owned by them would be benefitted by and assessed for such construction, and they purchased the same after the assessment of the proportion of benefits thereto had been made, and with full knowledge thereof; that at the time of said purchase they agreed to pay all assessments that were or might be levied against said land on account of said construction of said ditch, and while the said appeal was pending and undetermined; they appeared generally before the said board of county commissioners at the meeting at which the final assessment for the construction of said ditch was laid, and at the meeting at which said certificates were ordered and were issued, and participated in said meeting; that at frequent other times when said board was in session, considering matters relating to said ditch, said plaintiffs were present and participated in said meetings; that they had full knowledge that said ditch was being constructed, and of its construction, completion, and acceptance."

It would be difficult to conceive of a case which would more justly and equitably require the application of the doctrine of estoppel than does this case, upon the facts recited in this finding. We think the trial court was clearly right in holding plaintiffs estopped from attempting to take advantage of the irregularities in the proceedings of the commissioners alleged in the complaint. Appellants' real contention upon the merits appears to be that the irregularities complained of were such as to deprive the commissioners of all jurisdiction to establish the drainage ditch and to issue the assessment certificates. Even if it were so held as matter of law, which we do not hold, the want of jurisdiction would not be more complete than would similar proceedings under an unconstitutional law. And in the case of DeNoma v. Murphy, 28 S. D. 372, 133 N. W. 703, this court held that, where a landowner signed a petition for the construction of a drainage ditch, and thereafter had knowledge of all the proceedings of the commissioners, saw the ditch being constructed, acquiesced in its location and construction, and made no protest until called upon to pay the assessment, he could not question the constitutionality of the law under which the proceedings were had. The authorities there cited fully sustain the general doctrine that a person who passively al-

lows the work of constructing a drain to proceed, with full knowledge that he is to be assessed therefor, and that compensation for the work can be provided in no other way than by assessment for benefits, is estopped from restraining the collection of the assessment.

[3]    Appellants further contend that the decree of foreclosure under the defendants' counterclaim and its enforcement by action of the lien of the assessment certificates were without jurisdiction and void, for the reason that the statute authorizing that mode of procedure has been repealed by a later statute. In this contention we think appellants are in error. It is conceded that prior to the enactment of chapter 102, Laws of 1909, foreclosure of the lien would have been a proper remedy; but it is contended that since the enactment of chapter 102, supra, ditch assessments can be collected only by the county treasurer, and in the manner ordinary taxes are collected, by a sale of the property at the annual tax sale. Section 7, c. 134, Laws of 1907, provides that: "The board of county commissioners may issue separate assessment certificates against each tract assessed for the amount of the assessment thereon, and may sell the same at not less than par value, with all accrued interest, or may contract to pay for the construction of such drainage with such assessment certificates. Such assessment certificates shall refer to the record in the office of the county auditor of the final order of assessment and of the filing of a copy thereof in the county treasurer's office, shall transfer to the holder all interest, claim or right in or to such assessments, bear the same rate of interest, carry the lien of such assessments and be enforceable as a mortgage lien or by any other method provided by law." This statute declares that an assessment certificate shall vest in the holder all the interest, claim, and right to such assessment, shall bear interest, carry a lien against the property assessed, and shall be enforceable as a mortgage lien. Assuming, as we must in this case, that valid certificates of assessment carry with them a vested property right by way of a lien enforceable by foreclosure proceedings, the Legislature would be powerless, even should it attempt 'to do so, to deprive the holder of the certificate of such remedy for enforcement of his rights. We see no reason why the same rule should not apply to sustain liens carried by these certificates that is applicable to contract liens. It is conceded, of course, that

the Legislature may change rules of evidence and of procedure, but it has long been settled that it cannot, directly or indirectly, deprive a lienholder of a substantial right vested in him under a contract; nor can the Legislature enact a law which renders more difficult or uncertain the enforcement of a right under an existing lien.

In the case of Blakemore v. Cooper, 15 N. D. 5, 106 N. W. 566, 4 L. R. A. (N. S.) 1074, 125 Am. St. Rep. 574, the court held that the Legislature cannot, by repeal or change of remedies, impair the obligation of a contract. The court further holds that if the change of remedy or change in rules of evidence goes further in its results, and affects contract rights, such change is inhibited, and says: "The Legislature will not be permitted, under the guise of changing a remedy or a rule of evidence, to impair a vested right under an existing contract."

The certificates in question were issued in November, 1907, and carried the right of enforcement by foreclosure as mortgage liens, under the provisions of section 7, c. 134, Laws of 1907, which expressly declares that such certificates of assessment may be enforced in the same manner as a mortgage lien, or by any other method provided by law. Section 5, c. 102, Laws of 1909, radically changes the method of enforcement of assessment certificate liens, and contains conditions and procedure inapplicable to certificates issued under the former law, and which, we think, would affect the substantial rights of holders of such liens. We cannot assume that the Legislature, by the enactment of the law of 1909, intended to deprive holders of assessment certificates, issued under the former law, of the right to certain and speedy enforcement in the courts of the lien carried by such certificates, and vested in the owners of such certificates by the statute itself.

It follows that the decree of foreclosure of the liens awarded by the trial court cannot be impeached for lack of jurisdiction, and that the judgment and decree of the trial court should in all things be affirmed.