HOISINGTON, Respondent, v. PRICE et al., Appellants.

(143 N. W. 776.)

**1. Drains—Assessments—Waiver of Defective Proceedings—Estoppel.**

Defects in the proceedings of county commissioners in establishing a drainage ditch, whether affecting the jurisdiction or otherwise, may be waived; and a landowner, who stipulated not to object to the procedure in any manner upon the commissioners complying with his request and that of others to extend the ditch, and who consented to the assessments and the proportion of benefits as laid or to be laid and determined accordingly, is precluded from subsequently questioning the validity of the assessment.

2. **Appeal—Briefs—Statement of Facts—Reference to Original Record.**

A brief which does not contain copies of or statements of the contents of various documents whose admission in evidence is the subject of assignments of error, but which merely refers to the original record wherein they were preserved as exhibits, is insufficient to warrant consideration of such assignments of error; and the Supreme Court will not examine the original record except to determine disputes as to its contents, raised by statement of facts in brief; and this rule is not changed by Ch. 15, Laws 1911, simplifying requirements for briefs on appeal.

(Opinion filed November 7, 1913.)

Appeal from Circuit Court, Lincoln County.    Hon. JOSEPH W. JONES, Judge.

Action by A. L. Hoisington against George A. Price and another, to foreclose certain drainage ditch assessment certificates. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.    Affirmed.

*C. B. Kennedy,* for Appellants.

This waiver and consent by its own language shows that all it pertained to was extending the ditch further west 80 rods, that it in no manner consented that the whole course of the ditch should be changed. The ditch as petitioned for, (petition, settled record, page 137), emptied into a creek after going about two miles south. The board of county commissioners changed this ditch so that it would run in a directly opposite direction, that is going north instead of south (order of county commissioners, upon ditch, dated June 28, 1907, settled record, page 128).

We contend that this agreement, in no manner amounted to an estoppel.

*A. B. Carlson,* for Respondent.

On the 28th day of September, 1907, there was filed with the county auditor of said Lincoln county, a certain instrument (Judgment Roll page 95), and by this appellant and others, in consideration of an extension of the proposed ditch 80 rods on appellants' land, waived all objections to the proceedings by reason of such extension, and they thereby stipulate that, "we will not make any objection to any part of said procedure in any manner," and they "consent to our assessments and proportion of benefits as they are laid down and determined or shall be laid down

and determined in the future." Subsequent to the filing of that stipulation, the assessment of benefits was made and filed (Judgment Roll 71 et seq.), and said assessment certificate was issued. Respondent contends that by reason of signing said stipulation (Judgment Roll 95, Exhibit B.), the appellant is estopped from claiming any irregularities in the proceedings. Johnson v. State, (Mich.) 126 N. W. 1074; Erickson v. Cass Co., (N. D.) 92 N. W. 841, and cases cited; Slingerland v. Conn, (Minn.) 129 N. W. 376; Seng v. Payne et al., (Neb.) 138 N. W. 625; Turnquist v. Cass County, (N. D.) 92 N. W. 852; Denoma v. Murphy, (S. D.) 133 N. W. 703.

SMITH, J., Appeal from circuit court of Lincoln county. Plaintiff's action was to foreclose certain ditch assessment certificates, against George A. Price as owner of certain real property and Leavitt & Johnson Trust Company, a corporation, as junior mortgagee. The defendants interposed a defense to the action. That the ditch assessment certificates are void by reason of irregularities in the proceedings leading up to their issuance, in that: First, no proper record was kept of the ditch proceedings; second, because the meetings of the commissioners at which the ditch proceedings were had were not properly called; third, that the county commissioners lost jurisdiction of the proceedings because the location of the ditch was materially different from that specified in the petition; fourth, that the petition itself was not sufficient; fifth, that the bond furnished by the petitioners was not proper in form. Findings of fact and conclusions of law were entered by the trial court, upon which a decree of foreclosure was awarded to plaintiff.

The trial court found, in substance, that the board of county commissioners of Lincoln county, duly made an order of assessment, directing that the defendants' land be assessed for costs of construction of drainage ditch No. 7 of said county, in the amount of $321, and that thereafter said assessment was duly and regularly equalized as provided by law; that the order of assessment was duly recorded in the office of the auditor of Lincoln county, and a certified copy filed in the office of the county treasurer, a copy of which order is set out in full in the findings, and contains all the recitals, statements, and findings necessary to the validity of such order. The findings also contain a complete copy of the

certificate of special assessment, which is likewise in due and sufficient form. The court also finds that about July 1, 1908, said certificates of assessment, for value received, were sold to the plaintiff herein, who is the owner thereof, and that no proceedings at law or otherwise have been had for the collection of the same, or any part thereof; that the certificates bear interest from date at 6 per cent. per annum; that the defendant George A. Price is the owner of the premises and real estate described in said certificates; that there is due and payable thereon, the sum of $321, with interest at 6 per cent., since July 1, 1908. That the defendant Leavitt & Johnson Trust Company, a corporation, holds a mortgage upon said premises which is junior and inferior to the claim of plaintiff. The court finds: That the defendant George A. Price and the Leavitt & Johnson Trust Company, as mortgagees holding a junior lien, are estopped from denying liability upon said ditch assessment certificates, for that the defendant George A. Price, on the 28th day of September, 1907, while proceedings for the establishment of said ditch were pending, but prior to the establishment thereof, and prior to the making of said assessment and the issuance of said certificates of special assessment (to gether with a considerable number of other owners of land affected by said ditch proceedings), entered into a written contract and agreement of waiver in words and figures as follows: "State of South Dakota, County of Lincoln—ss.: In the matter of drainage ditch No. 7, Lincoln county, South Dakota, we, the undersigned owners of land affected by drainage ditch number seven of Lincoln county, South Dakota, hereby consent that part of said drainage ditch No. 7 be extended west to the 80-acre line about 80 rods and we hereby waive all objection to the proceedings by reason of any defect in the proceedings already taken or to be hereafter taken and consent to our assessments and proportion of benefits as they are laid and determined or shall be laid and determined in the future and stipulate that we will not make any objection to any part of said procedure in any manner." That said written contract or waiver was presented to the board of county commissioners of Lincoln county, by the defendant George A. Price, while said board was in special session regularly convened, and that pursuant to the said agreement and waiver the course of drainage ditch No. 7 was changed and extended by said

board as specified in said written contract, and thereafter all proceedings were had and said ditch was in all things constructed pursuant to, and as provided by, said contract in reliance thereon, and with full knowledge, consent, and at the request of the defendant George A. Price, and as a conclusion of law, that defendant Price is estopped from objecting to any of the proceedings had in the establishment of said drainage ditch, or because of any defects therein, and that plaintiff is entitled to the decree prayed for in his complaint. Upon these findings of fact and conclusions of law, judgment of foreclosure and sale was regularly entered, decree that said land, or so much thereof as might be necessary to satisfy the amount due on said certificates, be sold as provided by law, which decree is in all things regular on its face. From this decree and an order overruling a motion for a new trial, defendants appeal.

[1] We are of opinion the trial court was clearly right in holding the defendants estopped from questioning the regularity of the proceedings of the county commissioners in the establishment of the ditch, or the validity of said assessment certificates. The trial court expressly finds that the course of the ditch as petitioned for was changed and extended, pursuant to and in compliance with the request of appellant Price, and others, and with his consent and knowledge. Appellant in the written stipulation expressly agrees that he "will not make any objection to any part of said procedure in any manner," and consents to his assessment and proportion of benefits, "as they shall be laid and determined in the future." In this class of cases defects in the proceedings of county commissioners, whether of such character as to occasion a loss of jurisdiction or otherwise, may be waived, and appellant is clearly estopped from asserting that the commissioners lost jurisdiction of the proceedings by a change in the direction or termini of the ditch, or by any other alleged irregularities in the proceedings.

This case is governed by the principles laid down by this court in Lee v. Clark Implement Co., 141 N. W. 986. The assessment certificates sought to be foreclosed in this case were issued under the same statute construed by this court in Lee v. Clark Implement Co., supra, which is decisive of appellants' contention

that the trial court was without jurisdiction to enforce the payment of special ditch assessment certificates by foreclosure.

[2] While the conclusion reached in this case renders the matter immaterial, it may not be inopportune to call attention to a defect in appellants' printed statement or brief, which would render the assignments of error ineffective, if relied upon. A considerable number of papers appear to have been offered in evidence at the trial, which are described in the assignments of error as Exhibits A, B, etc., and appear from the assignments to have been objected to by appellants on various grounds. The exhibits themselves are nowhere found in the printed statement of facts in the brief, but references are made in the assignments of error to the original record, wherein the exhibits themselves may be found. Such a statement in the printed record or assignment is not a compliance with the requirement that the printed statement must contain every fact essential to the determination of the errors assigned. The printed statement must contain the exhibit itself, or a complete statement or description thereof, sufficient to render the error apparent. This court will not examine the original settled record except for the purpose of determining a dispute as to its actual contents, raised by the printed statements of facts in the briefs. This rule has always obtained in this court, and was not changed by chapter 15, Laws 1911. In State v. Doran, 28 S. D. 486, 134 N. W. 53, this court expressly held that the printed statement in the brief should contain every fact, proceeding, or paper necessary to a full understanding of the error relied upon, as formerly required in an abstract, and that the provision in said statute requiring reference to pages of the transcript or original record was intended merely for the convenience of counsel, and to assist the court in settling conflicting statements of fact, where a dispute as to the contents of the original record was found in the printed briefs.

We find no error in the record, and the judgment and order of the trial court are affirmed.