STATE ex rel. LAVERY et al., Respondents, v. WILLIAMS et al, Appellants.

(151 N. W. 278.)

(File No. 3672.    Opinion filed March 8, 1915.)

**Appeals—Review—Defective Brief—Assignments of Error, Necessity for, to Give Jurisdiction.**

A brief on appeal, containing no statement of contents of settled record necessary to present such assignments, with reference to pages or record where errors are specified as required by Laws 1913, Ch. 172, and Supreme Court Rule 6 (140 N. W. viii), conferred no jurisdiction to pass upon the merits of the appeal, and the Supreme Court has nothing before it for review.

Appeal from Circuit Court, Potter County. Hon. JOSEPH H. BOTTUM, Judge.

Proceedings by the State of South Dakota, on relation of John Lavery and another as chairman and clerk, respectively, of and tax payers of and in Logan School District No. 1, of Potter County, State of South Dakota, against A. G. Williams and others as County Commissioners, of, within, and for Potter County, South Dakota, and W. J. Breene as Superintendent of Schools of, within, and for the county. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Judgment and order affirmed.

*Jean F. Sargent,* and *D. J. O'Keefe,* for Appellants.

*R. L. Flickinger,* for Respondents.

Respondent cited: Rules 5, 6, Supreme Court; State v. Doran, 28 S. D. 486, 134 N. W. 53; Hepner v. Wheatley, 144 N. W. 923; Baskerville v. Thomas et al., 143 N. W. 371; Caulfield v. Bogle, 2 Dak. 467, 11 N. W. 511; McCormack v. Philips, 4 Dak. 506.

WHITING, J.   This is an appeal from a judgment and an order denying a new trial.   Appellants' brief sets forth the pleadings, a part of the findings of fact, a part of the conclusions of law, the judgment, a reference to the motion for new trial, and a recitation of the specifications of error set forth in such motion for new trial, and the order denying a new trial.   Such brief does not contain any assignments of error, nor does it contain any statement of the contents of the settled record such as would be necessary to present errors if any had been assigned.   Rule 6, Sup. Ct. Rules, chapter 172, Laws 1913.   The necessity of assignments of error has been so frequently noticed by this court that further statement in relation thereto should be unnecessary.   As was said by Justice Corson in the case of State v. Johns, 25 S. D. 451, 127 N. W. 470:

"The rule seems to be well settled that, unless there is an assignment of errors contained in the abstract, this court has nothing before it for review."

In other words, an assignment of error is necessary to confer upon this court any jurisdiction to pass upon the merits of an appeal.

Even if this court was authorized, under the record herein, to treat the specifications of error presented to the trial court as assignments of error in this court, yet there would be nothing before us for consideration for the reason, as heretofore noted, that no proper record of the proceeding below appears in appellants' brief.

The judgment and order appealed from are affirmed.