ANDERSON, Appellant, v. LARSON, et al, Respondents.

(255 N. W. 151.)

(File No. 7555.   Opinion filed June 1, 1934.)

Lars A. Bruce, of Yankton, for Appellant.

M. Q. Sharpe and L. A. Bridgman, both of Kennebec, and Peterson & Barta, of Wausa, Neb., for Respondent.

PER CURIAM.   Section 3149, Rev. Code 1919, is as follows: "Brief on Appeal.   No separate abstract on an appeal to the supreme court shall be required, but the appellant's brief shall contain a statement of errors assigned upon appeal, together with a clear, concise and condensed statement of the contents of such parts of the record as may be necessary to present fully to the appellate court the errors assigned and to show that they are prejudicial to appellant; and whenever the appellant shall seek to rely upon an assignment to the effect that the evidence was insufficient to support the verdict, finding or other decision, he shall cause it to affirmatively appear that his brief contains a clear, concise and condensed statement of all the material evidence received upon the trial.   * * *"   See, also, rules 4 and 5 of Supreme Court

Rules. Nowhere in appellant's original brief is there any attempt made to abstract the evidence received in this case, and, of course, there is not any statement to the effect that the brief contains all of the material evidence received upon trial. Appellant sets forth nineteen purported assignments of error. The first twelve of these assignments are based upon the insufficiency of the evidence to sustain certain findings of fact as made by the trial court. Assignments 13 to 17, inclusive, allege error because of the ruling of the trial court upon the admission of certain evidence.

In the brief of the respondent the failure of appellant to abstract the evidence is called to the attention of this court, and the respondent has taken the position that the matter of sufficiency of the evidence is not before the court for its consideration. In his reply brief, appellant has apparently conceived that there is some merit to respondent's contention and has set out an "additional statement," which to some extent abstracts the testimony of certain witnesses. However, the argument pertaining to the sufficiency of the evidence is contained in the original brief of appellant, and this court has been unable to observe the connection between much of the argument, and the brief statement of the testimony set forth in the so-called "additional statement" in appellant's reply brief. We are of the opinion that the only procedure, whereby an orderly presentation might be had in such a situation (where there has been an utter failure to abstract the testimony in the original brief and there is a desire to rely upon the insufficiency of the evidence), is to obtain permission of this court to file a new brief wherein the case is presented in the manner contemplated by the statute and rules of this court. Whether such permission will be granted will, of course, depend upon the particular facts presented. There was no request here to file a new brief. After the filing of appellant's original brief, respondent was privileged to rely entirely upon the failure of appellant to present anything to this court. To allow appellant through the medium of the reply brief to set out an abstract of the testimony and rely upon an argument contained in the original brief as to its sufficiency, deprives respondent of any fair opportunity to answer, and certainly makes for hopeless confusion in this court. We are satisfied there is no record before this court sufficient to review the alleged errors set forth in these seventeen assignments. The rule that the brief must set forth such

parts of the record as may be necessary to fully present to this court the errors assigned and to show that they are prejudicial is so obvious and well established that we hardly believe it necessary to cite cases in support thereof, but for benefit of counsel for appellant we refer to the following decisions of this court: Dring v. St. Lawrence Township, 31 S. D. 197, 140 N. W. 246; Sanford v. Helgerson, 31 S. D. 472, 141 N. W. 390; Hoisington v. Price et al, 32 S. D. 486, 143 N. W. 776; Gilfillan v. Schaller, 32 S. D. 638, 144 N. W. 133; Peterson v. Miller, 33 S. D. 397, 146 N. W. 585; Smith v. Pence & Pier, 33 S. D. 516, 146 N. W. 709; State ex rel Lavery v. Williams, 35 S. D. 158, 151 N. W. 278; State v. Carmel, 36 S. D. 293, 154· N. W. 808. We also refer to the annotations to the Supreme Court Rules 4 and 5.

Appellant has failed entirely in his so-called assignments of error to in any wise refer to the specifications of error supporting them, and does not show where such specifications of error can be found in the record. Supreme Court Rule 4; Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923; Berke v. McCook County, 39 S. D. 579, 165 N. W. 985; O'Lein v. Winesburg, 52 S. D. 8, 216 N. W. 550.

The judgment and order appealed from are affirmed.

All the Judges concur.