EASTWOOD, Appellant, v. COPLAN, Respondent.

(142 N. W. 249.)

1. **Appeals—New Trial—Sufficiency of Evidence—Specification of Particulars—Record.**

    A specification of particulars wherein the evidence is insufficient as ground of motion for new trial, or in the notice of motion, when the motion is made upon a bill of exceptions or statement of the case, is unauthorized, hence it will be presumed, its consideration having been objected to by respondent, that it was disregarded by the trial court.

2. **Appeal—Exceptions Involving Insufficiency of Evidence—Question of Law—Necessity of Specification of Particulars.**

    The purpose of an exception is to save a question of law, and the question of sufficiency of evidence to support the verdict can only be saved for review by exception, where a question of law was presented by the objection; and the sufficiency of evidence, involving only questions of fact, can only be raised upon proper specifications in a statement of the case.

3. **Appeal—Exceptions—Sufficiency of Evidence—Insufficient Exceptions.**

    An exception in a bill of exceptions that a finding "is not supported by and is in conflict with the evidence" is insufficient for not specifying wherein the evidence was claimed to be insufficient; hence that question is not reviewable on this appeal.

4. **New Trial—Newly Discovered Evidence—Cumulative.**

    A new trial was properly refused on ground of newly discovered evidence which was purely cumulative, and which only tended to prove a fact conceded by appellant on the trial.

(Opinion filed June 24, 1913.  Rehearing denied July 19, 1913.)

Appeal from Circuit Court, Codington County.  Hon. LYMAN T. BOUCHER, Judge.

Action by Lydia R. Eastwood against John Coplan, to quiet

title to realty alleged to belong to plaintiff, and to enjoin defendant from trespassing upon and from erecting thereon a building wall, etc. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Wilbur S. Glass, Geo. H. Marquis,* and *Walter Shurtleff,* for Appellant.

*Hanten & Hanten,* and *Perrett F. Gault,* for Respondent.

The sufficiency of the evidence to sustain the findings and judgment is not subject to review.

The bill of exceptions contains no specifications wherein the evidence is claimed to be insufficient.

This deficiency cannot be supplied by the notice or motion for new trial. Chandler v. Kennedy, 8 S. D. 56; Johnson Land Co. v. Case, 13 S. D. 28; Wenke v. Hall, 17 S. D. 305; Thompson v. C., M. & St. P. Ry., (S. D.) 128 N. W. 809.

Specifications in the motion do not constitute a compliance with the law. Wenke v. Hall, supra; Regan v. Whittaker, 14 S. D. 373; Boettcher v. Thompson, 17 S. D. 177, 21 S. D. 169; McNish v. Wolven, 22 S. D. 621.

No specification wherein the evidence is alleged to be insufficient is contained in the specifications of errors. Redwater Canal Co. v. Reed, 128 N. W. 711.

WHITING, P. J. This is an equity action tried to the court without a jury. Findings of fact, conclusions of law, and judgment were in favor of defendant. A motion for new trial having been denied, plaintiff appealed from the judgment and the order denying a new trial. Appellant asked this court for leave to amend her brief so that the same shall contain an assignment assigning as error the overruling of her motion for a new trial, and her brief will be treated as though such assignment was incorporated therein. Appellant contends that the evidence was insufficient to sustain the findings of fact; that the trial court erred in its rulings upon the admission and rejection of testimony; and that such court erred in denying a new trial.

Respondent contends that the record herein is insufficient to present the question of the sufficiency of the evidence to support the findings for the reason that neither the bill of exceptions nor the brief contains any sufficient specifications of particulars wherein it is claimed that the evidence is insufficient to support such

findings. In this contention we think respondent is correct. The record was settled under the law in force prior to the year 1911, and such record contains no specification whatsoever of any particulars wherein it is claimed that the evidence is insufficient to support any finding. The nearest approach to a specification is contained in certain exceptions to the findings, which exceptions were incorporated into and became a part of the record as settled. When these exceptions were filed does not appear. The motion for new trial stated that it was made upon a bill of exceptions theretofore settled.

[1] Such motion for new trial specified, as one of the grounds therefor, the insufficiency of the evidence to support the findings and set forth in some detail the particulars wherein it was claimed the evidence was insufficient. Inasmuch as there is no authority for such specifications in the motion for new trial or even in the notice of such motion when the motion is to be made upon a bill of exceptions or statement of the case, and inasmuch as the consideration of these specifications was objected to upon the part of the respondent, this court must and does presume that the trial court disregarded the purported specifications contained in said motion. It would be eminently unfair to settle a record containing no specifications of error and then allow a motion for new trial, thereafter made, to contain proper specifications and to consider such specifications upon such motion. It is not clear to us what appellant's theory was in filing the exceptions which became incorporated into the bill of exceptions, but we conclude that she may have done so relying upon section 294 of the Code of Civil Procedure which provides: "No particular form of exception is required, but when the exception is to the verdict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient; but the specifications of such particulars as provided in section 303 shall be sufficient. * * *" Section 303 provides that, in the statement of the case where the notice of intention designates, as one of the grounds of a motion for a new trial, the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient.

[2] We think the purpose of an exeception is to save a ques-

tion of law, and that therefore, when the question of the sufficiency of the evidence to support a verdict or other decision is saved by an exception, it must be where the record is such that, under the objections interposed by the party saving the exception, a question of law was presented by the objection, and that, where one seeks to raise a question purely of fact in relation to the sufficiency of the evidence to support a verdict or other decision, it can only be done upon proper specifications set forth in a statement of the case. In other words, we believe that there was, under the old statute, a clear distinction between the office of a bill of exceptions and that of a statement of the case. `Barcus v. Prokop, 29 S. D. 39, 135 N. W. 756.

[3] But, conceding that it is possible, after verdict or finding, for one to question the sufficiency of the evidence to support such verdict or finding by filing an exception thereto specifying the particulars wherein it is claimed the evidence to be insufficient to support such verdict or finding, yet the purported exceptions found in the bill of exceptions in this case were wholly insufficient as specifications of particulars wherein the evidence was claimed to be insufficient, as such exceptions in no manner specified any particular wherein the evidence was claimed to be insufficient; the only statement, as regards each finding, being, in substance, that such finding "is not supported by and is in conflict with the evidence in this case." It became the duty of the trial court, upon` the motion for new trial, and is the duty of this court upon this appeal, to disregard appellant's contention that the evidence did not support the court's findings. We have, however, carefully read the record herein for the purpose of determining whether or not there was reversible error in any ruling admitting or rejecting evidence, and we are fully satisfied that no reversible error was committed. These rulings do not present any question of sufficient importance to merit extended consideration in this decision.

[4] One of the grounds of appellant's motion for new trial was the discovery of new evidence. This newly discovered evidence was purely cumulative in character. In fact, the defendant, when a witness upon the stand, conceded all that this new evidence would tend to prove. It is therefore clear that appellant was not

entitled to a new trial in order to give her a chance to present such newly discovered evidence.

The judgment and order appealed from are affirmed.