REEVES & COMPANY, Appellant, v. McGEE. et al., Respondents.

(145 N. W. 544.)

1. **Assignments of Error—Insufficiency of Evidence—Specifications of Error, Necessity For.**

   An assignment of error of the insufficiency of the evidence to support the findings and conclusions of law, cannot be reviewed, where neither the purported assignments nor the statements of facts make any specifications of the particulars in which the evidence is insufficient to sustain the findings.

2. **Specifications of Error—Record, How Shown in.**

   Specifications of particulars wherein the evidence is insufficient to sustain the findings may be shown, either by copying them into printed record, and referring to them as the specification of particulars, or by assigning the insufficiency of

the evidence to support each finding complained of, and speci-
fying in the assignment the particulars previously specified in
settled record, and by referring in printed record, by page and
number, to the particular specifications contained in settled
record upon which each particular assignment is based.

(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Pennington County. Hon. Wil-
liam G. Rice, Judge.

Action by Reeves & Company against John W. McGee and
others. From a judgment for defendant, and from an order deny-
ing a new trial, plaintiff appeals. Affirmed.

*Robert Burton, W. R. Baxter,* and *John A. Garver,* for
Appellant.

The trial court was fully advised in the specification of er-
ror of the questions that would be presented to this court, and
if so, it served its purpose. In effect, it was a demurrer to the
evidence, and in order to question the sufficiency of the evidence
appellant is not required to set forth all the evidence in the spec-
ification of error. Tuntland v. Noble, 138 N. W. 291; Whaley v.
Vidal, 128 N. W. 331.

*Buell, Gardner & Denu,* for Respondents.

Appellant's assignments of error are insufficient to present
any questions to this court for review. Hedlun v. Holy Terror
Mining Co., 16 S. D. 261; State v. Cleveland, 23 S. D. 335;
Pierce v. Manning, 2 S. D. 517; Carrol v. Nesbet, 9 S. D. 497;
Scanlon v. Rock (S. D.) 125 N. W. 638; McAndrews v. Bank
(S. D.) 127 N. W. 536; Spaulding v. Pitts (S. D.) 127 N. W.
610; Schmidt v. Carpenter (S. D.) 131 N. W. 723.

POLLEY, J.  This case is before the court upon an appeal
from the judgment and order overruling appellant's motion for a
new trial. The printed record brought here by the appellant con-
tains what purports to be assignments of nine separate errors
committed by the court in the trial of the cause and in the denial
of appellant's motion for a new trial.

[1] The only ground presented by appellant for a reversal
is the insufficiency of the evidence to sustain the findings of fact
and conclusions of law made by the trial court. But an exam-
ination of the printed record discloses that neither in the purport-
ed assignments of error nor in the statement of facts therein is

found any specification of the particulars in which the evidence is insufficient to sustain the findings, and for that reason said record does not show any error for review. While the ninth assignment, to wit, that the court erred in overruling appellant's motion for a new trial, is sufficient in itself, yet as the insufficiency of the evidence is the only ground upon which a reversal is asked, and as said record fails to point out wherein said evidence is insufficient, this assignment is as unavailing as the others.

To entitle the appellant upon its motion for a new trial to a consideration by the trial court of the insufficiency of the evidence to sustain the findings of fact, it was incumbent upon such appellant to have filed in the trial court, as a part of the settled record therein, specifications of the particulars wherein is claimed such evidence to be insufficient. Without such specifications, no matter how insufficient in fact the evidence may have been, the trial court was bound to deny the motion for a new trial so far as it was based on the alleged insufficiency of the evidence to support the findings.

[2] That there were such specifications of particulars might have been shown either by copying the same into the printed record and referring to them as the specification of particulars forming a part of the settled record, or by assigning the insufficiency of the evidence to support each finding complained of and specifying in the asignment the particulars that had previously been specified in the settled record, and by referring in the printed record, by number and page, to the particular specification contained in the settled record upon which each particular assignment is based. See Hepner v. Wheatley, 144 N. W. 923, recently decided by this court.

There being nothing before us to show such specification of particulars in the trial court, there is nothing to show that the trial court erred in denying the motion for new trial, and its order denying same must be affirmed.