MARKUS, Respondent, v. POULSON, Appellant.

(158 N. W. 406.)

(File No. 3899. Opinion filed June 27, 1916. Rehearing denied August 31, 1916.)

1. **Appeals—Assignments of Error—Brief—Record of Rulings Wanting, Effect.**

 Where the purported statement of the case in appellant's brief contains no record of the rulings complained of, the assignments of error based upon such alleged rulings will not be considered on appeal.

2. **Appeals—Sufficiency of Evidence—Brief—Reference to "Material" Evidence, Sufficiency.**

 Where appellant's brief contains the statement that the evidence set forth therein is "all the evidence as we view it, that is material to the case" it will be deemed a sufficient statement as the basis of consideration of an assignment of error involving sufficiency of evidence to support the findings.

3.  **Specific Performance—Sale of Realty—Defense Under Written Contract Not in Evidence, Presumption as to Treatment of Contract on Trial.**

In a suit to enforce a contract of sale of realty, where defendant vendor alleged a written contract between the parties, but which contract, although repeatedly referred to by witnesses on the trial, was not offered or received in evidence, it will be presumed on appeal either that defendant neglected to offer it in evidence, or, if offered, that the trial court refused to receive it, and that no exception was taken to such ruling.

4.  **Specific Performance—Modification, by Extension of Time, or New Contract?**

In a suit to specifically enforce an oral contract of sale of two city lots for the sum of $3600, plaintiff agreeing to pay $100 in cash, to give a note for $500 due on or before October 1, 1912, and to pay the balance of $3,000 on or before that date, deed to be delivered upon full payment, held, that, the $100 having been paid and the note given, and a few days extension of time having been given for payment of the note and the $3,000, and the defendant thereupon delivered possession of the property to plaintiff, who in October, 1912, paid the $3,000, and the note was surrendered, plaintiff giving defendant another note for $200 of the purchase money, due March 1, 1913, and defendant gave plaintiff a deed of conveyance of the purchased tract with the exception of the north half of one lot, it being mutually agreed that, upon payment of said $200, and the remaining $300 on or before October 9, 1915, defendant would convey the remainder of the land to plaintiff, and the plaintiff in August, 1913, tendered to defendant the balance of the purchase price, the contract of sale was never rescinded by mutual consent of the parties, and was never changed, modified, waived or released by either of them, except as it was modified by the agreement for the extension of time for payment of the balance; nor was the contract superseded by a new or other contract at the time of payment of the $3000 and the delivery of deed to part of the land; and the trial court did not err in finding that the contract was merely modified by the agreement for extension, and by the agreement that title to the remainder of the property, upon which was situated a garage, and which portion of said lot was a valuable and integral part of the whole premises, should be held by vendor until such further payment was made.

5.  **Specific Performance—Oral Contract for Sale of Realty—Part Performance—Statute of Frauds.**

In a suit for specific performance of an oral contract of sale of two city lots for the sum of $3600, where a note was

given in part payment, and the balance of purchase money above the note was to be paid at a certain time, a deed to the property to be delivered upon full payment, the deferred cash payment was made a few days after due, and a few days thereafter defendant vendor delivered to the vendee a deed for the tract of land with the exception of the north half of one lot, and plaintiff vendee gave defendant a new note for $200 covering part of the amount of the original note, it being mutually agreed that upon payment of the final balance due upon the purchase—which could be paid on or before October 9, 1915—defendant would convey the remainder of the land to plaintiff, meanwhile retaining title thereto until such payments were made, **held**, that there was a sufficient execution of the oral contract to take it out of the provisions of the statute of frauds; that restoration of the parties to their former positions was impracticable, if not impossible, and money damages would not be an adequate remedy; the trial court having found that the unconveyed land, with the garage thereon, formed an integral part of the residence property, and that it was never contemplated by the parties that the property should be divided.

6. **Appeals—Assignment of Error—"Findings Against Law," Futility of Assignment.**

Where an assignment of error is to the effect that the "findings are against the law," **held**, that such assignment is not understandable; that a finding neither rests upon nor involves any question of law.

7. **Appeals—Assignment of Errors—Conclusions of Law "Not Based on Evidence, or Upon Law Applicable," Effect.**

Where appellant attacks conclusions of law upon the ground that they are "not based upon any evidence in the case, or upon the law applicable to the case," **held**, that conclusions of law are based upon the findings, and not upon the evidence; that if findings are sufficient to support conclusions, and are unassailed, the conclusions will stand, even though the evidence be insufficient to support the findings; and while the assignment in question is unhappily worded, it is apprehended that appellant intended to question the sufficiency of the findings to support the conclusions, and it will be so considered upon appeal.

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by Henry W. Markus against Mabel C. Poulson, for specific performance of a contract of sale of realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Sherin & Sherin,* for Appellant.

*Hanten & Hanten,* and *Perrett F. Gault,* for Respondent.

(1) To point one of the opinion, Respondent cited: Inlagen v. Gary, (S. D.) 147 N. W. 965.

(2) To point two of the opinion, Respondent cited: Gilfillan v. Schaller, 144 N. W. 133, (S. D.); Malloy v. C. M. & St. P. Ry. Co., 148 N. W. 598 (S. D.)

\, HITING, J. Plaintiff sought the specific performance of a contract wherein the defendant had contracted to convey to him certain real property. Findings and judgment were for plaintiff, and this appeal is from such judgment and from an order denying a new trial.

[1] Appellant assigns as error certain alleged rulings of the trial court. Her brief contains a purported statement of the case. In such statement there appears no record of the rulings complained of, and the assignments based upon such alleged rulings require no further consideration. Brewster v. Miller, 31 S. D. 613, 141 N. W. 778; Inlagen v. Town of Gary, 34 S. D. 198, 147 N. W. 965.

[2, 5] Appellant assigns as error the insufficiency of the evidence to support the findings. Respondent contends that this assignment is not properly before the court for the reason that it does not appear from appellant's brief that the statement therein contains all of the material evidence. Such brief does contain the statement that the evidence set forth therein is "all the evidence, as we view it, that is material to the case." We deem this a sufficient statement. Appellant set forth in her answer an alleged written contract between the parties hereto. Appellant urges that this contract took the place of the contract sued upon. If this was entered into and was controlling in this case, respondent was not entitled to the relief granted him. This contract (Exhibit 1) is repeatedly referred to in the testimony of the witnesses, but it nowhere appears that it was ever offered or received in evidence. We must therefore presume, either that the defendant neglected to offer it in evidence; or, if it was offered in evidence, that the court refused to receive it, and that no exception was taken to such ruling. The alleged contract is therefore not before this court for consideration. The evidence contained

in the printed record is ample to support the facts found by the trial court.

The facts as found by the trial court are, in substance, as follows: On September 4, 1912, defendant was the owner of the north half of lot 10 and all of the adjoining lot 9 in a certain block in Watertown, S. D.; the said property having situate thereon a dwelling house, barn, and garage. On said date the parties hereto entered into a contract whereby plaintiff agreed to purchase, and defendant agreed to sell, the whole of said real estate for the gross sum of $3,600; plaintiff agreeing to pay $100 in cash, to give a note for $500 due on or before October 1, 1912, and to pay the balance of $3,000 in cash on or before October 1, 1912. The deed was to be delivered upon the payment of the full amount of $3,600. The $100 in cash was paid and the $500 note given. On or about October 1st, the time for payment of the note and the $3,000 was extended a few days. On October 4, 1912, the defendant delivered possession of the property to plaintiff, who entered thereupon and has with his wife and children at all times thereafter occupied the same as his home. On October 9, 1912, plaintiff paid $3,000 in cash; defendant surrendered the $500 note; plaintiff gave to defendant a note covering $200 of the purchase money, which note was due March 1, 1913; and defendant gave to plaintiff a deed conveying the said tract of land with the exception of the north half of lot 9. It was mutually agreed that, upon the payment of said $200 evidenced by said note and the remaining $300—which $300 could be paid any time on or before October 9, 1915, without interest—the defendant would convey the remainder of said land to the plaintiff, meanwhile retaining the title thereto until such payments were made. Upon the north half of said lot 9 is situated a garage. Said half of lot 9 together with the building thereon is a valuable and integral part of said premises, and its value is from one-fourth to one-third that of the whole premises. In August, 1913, plaintiff tendered to defendant the balance of the purchase price—being the amount due on said note above mentioned together with the $300—and demanded deed to the remainder of said premises. The said tender was thereafter kept good by a proper deposit of the amount tendered and, upon the institution of this action, by bringing the same into court. The contract

between these parties has never been rescinded by the mutual consent of the parties thereto and was never changed, altered, modified, waived, or released by the parties or either of them, except as it was modified by the agreement for the extension of time for the payment of the balance remaining unpaid on said contract. Said contract was never at any time superseded by any new or other contract.

Appellant has an assignment to the effect that the "findings are against the law." We are at a loss to understand what is meant by such language, as, from the very nature of things, a finding neither rests upon nor involves any question of law. Questions of law are involved in the offer and receipt of evidence, but a determination of what facts are established by the evidence received involves no questions of law.

[6] Appellant attacks the conclusions of law upon the ground that each one "is not based upon any evidence in the case, or upon the law applicable to the case." Conclusions of law are based upon the findings, and not upon the evidence. If the findings are sufficient to support the conclusions and are unassailed, such conclusions will stand even though the evidence be wholly insufficient to support the findings. Upon the other hand, no matter how ample the evidence to support a cause of action, if the findings made are insufficient to support the conclusions and judgment, the same cannot stand if properly assailed. While the assignment is unhappily worded, we apprehend appellant intended to question the sufficiency of the findings to support the conclusions. In her argument she urges that the original contract is to be found in the words of Exhibit C, and that such exhibit is too indefinite and incomplete to form the basis of an action for specific performance. Exhibit C is set forth in appellant's answer. There is nothing in the statement of the case as found in the briefs to show that this exhibit was ever offered or received in evidence. If it was received in evidence, it constituted a mere memorandum of some of the terms of the contract. The contract was oral. Its terms are fully set forth in the complaint and answer. Furthermore, it was fully established by the undisputed testimony of the witnesses for both sides. The only dispute seemed to be as to whether, when the $3,000 payment was made and deed to part of the land given, this contract

was terminated and a new and independent contract then entered into; or whether such contract was merely modified by an agreement for extension of time for payment of balance of purchase price and by an agreement that title to the remainder of the property should be held until such further payment was made. The trial court found the latter to be the fact. The sole question then remaining was whether the oral contract had been so far executed as to take the contract out of the provisions of the statute of frauds. It certainly had been. A restoring of the parties to their former positions was impracticable, if not impossible. Money damages would not be an adequate remedy, as the court found that the unconveyed land, with the garage thereon, formed an integral part of this residence property, and that it was never contemplated by the parties that the property should be divided.

The judgment and order appealed from are affirmed.