KUPFER et al, Respondents v. BIEHN et al, Appellants.

(169 N. W. 514).

(File No. 4413. Opinion filed Nov. 29, 1918).

(1). Appeals—Error—Assignment of Error—Assignment that Find-
ings and Conclusions Non-sustained by Evidence, Statement of
Established Facts, Futility of Assignment.

Where the only assignment of error is that the allegations of
"the fourth paragraph of the findings of fact and conclusions of
law, are not sustained by the evidence * * * in that * * *," fol-
lowed by a statement of facts appellants contend are establish-
ed by evidence, the assignment raises but one question—suf-
ficiency of evidence to support the fourth paragraph of find-
ings; appellants should have drawn attention to finding unsup-
ported by evidence and pointed out wherein evidence fails to
support it, instead of setting forth in the assignment many oth-
er facts they assert were established by evidence.

(2). Appeals—Findings, Sufficiency of Evidence—Assignment of
Error re Unfound Facts, Proper Assignments Suggested.

If appellants deemed certain facts which they believed estab-
lished by evidence and which were not in court's findings, were
material, they should have sought further findings; and then,
if court failed to make them they should have assigned as error
such failure to make requested findings; appellants cannot fail
to ask for findings, then cure such failure by assigning insuf-
ficiency of evidence to support findings made.

(3). Appeals—Error—Assignments that Conclusions Unsupported by
Evidence, Propriety Of—Proper Assignments Suggested.

An assignment that conclusions of law are unsupported by
evidence is improper, it being an attempt to disregard the find-
ings upon which the conclusions are based; and if findings sup-
port the conclusions, but are not supported by the evidence, or
there was error in refusing to make certain further requested
findings, so that, under the findings as they should have been en-
tered, the conclusion made would have been erroneous, the cor-
rect methods of preserving record and presenting error are, not by
assigning insufficiency of evidence to support conclusions, but,
in one case by assigning insufficiency of evidence to support
the erroneous findings and, in the other case, by assigning error
in refusing findings requested.

(4). Appeals—Error—Unfound Facts, Evidence Involved in Assign-
ment, Assignment of Error, Recognized in Briefs, Effect Re
Merits of Appeal.

Where facts appellants claim were established by evidence
but not found by trial court are not properly before Supreme
Court, but both parties on appeal treated the assignment of
error as conferring jurisdiction to determine on appeal what

facts were established by evidence, and the rights of the parties in the light of such facts, Supreme Court will examine such evidence in determining correctness of judgment appealed from.

**(5). Wills—Wife's Devise to Children, Settlement Independent of Will—Incompetent Husband, Effect re Agreement.**

Where a wife and mother, claiming ownership of certain realty, left a will attempting to devise a portion thereof to her children, and thereafter, as a settlement of trouble growing out of the situation thus presented the husband and the children agreed in writing that, regardless of the will, the husband should have a life estate in the land, with remainder to the children, **held**, that the mental incompetency of the husband rendered the agreement of no binding effect as to him, even though the agreement was most fair and equitable.

**(6). Courts—Injustice Under Statutory Laws—Duty of Judiciary.**

It is not for the judiciary to attempt to right any injustice having its origin solely in statutory laws; this regardless of the wisdom or justice of the statute.

**(7). Husband and Wife—Husband as Statutory Head of Family—Realty of Incompetent Husband, Wife Managing Business, Effect re Ownership.**

Where a wife, having children by a former husband, who became part of the family, the boys helping at home, the girls working away therefrom, their earnings being retained by the mother, the husband though physically capable being mentally incompetent to manage his business affairs, the wife having assumed full control of all their business affairs; she having purchased a relinquishment of a Nebraska government tract, which was entered by and patented to her husband, the proceeds of sale thereof being taken by the wife from a part of which a portion of purchase money of realty purchased by the wife in this state was paid, deed being taken in wife's name without husband's knowledge; **held**, that under existing laws the Nebraska land was the sole property of the husband; that trial court properly held that the land in this state, the subject of a suit by husband's guardian to have it adjudged as the husbands' trust property, was his property.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Walter H. Kupfer, as guardian of the person and estate of Jacob Ernest, an incompetent, and another, against John P. Biehn, as executor of the Estate of Christina Ernst, deceased and others, to establish a trust in realty in favor of plaintiff's incompetent. From a judgment for plaintiff, and from an order denying a new trial, defedants appeal. Affirmed

W. J. Hooper, for Appellants.

M. L. Parish, and E. O. Patterson, for Respondents.

(7) To point. seven of the opinion, Appellants cited:

Barlow v. Barlow (Kans.), 28, Pac., 607; Pomeroy Eq. Juris., Vol. 3, Sec. 1039.

Respondent cited:

Brison v. Brison, (Cal.) 27 Pac. 186; Paulus v. Reed, (Ia.) 96 N. W. 757.

WHITING, P. J.   Christina Ernst died possessed of the legal title to a tract of land in this state.   She left surviving her, her husband, Alfred Ernst, five children by a prior marriage, and two children by her marriage with Ernst.   The guardian of the husband brings this action against the executor of the estate of Christina Ernst and against all of her children except one, who joined as plaintiff; and such guardian seeks to have it adjudged that this land was trust property, the property of Jacob Ernst, title to which was held in trust by Christina Ernst.   The judgment of the trial court was in favor of the guardian and against all the defendants and the coplaintiff.   From such judgment and an order denying a new trial all the defendants appealed.

[1, 2]   The only assignment of error for our consideration is that "the allegations of the fourth paragraph of the findings of fact and conclusions of law are not sustained by the evidence * * * in that, * * *" and then follows therein a statement of those facts which appellants contend are established by the evidence. We deem this an opportune time to call attention to the error in this form of assignment.   This assignment properly raises but one question—the sufficiency of the evidence to support the fourth paragraph of findings; but appellants, instead of calling attention to some finding or findings unsupported by the evidence and pointing out wherein the evidence fails to support it, set forth therein many other facts which they assert were establish by the evidence.   If appellants considered that certain facts, which they believed to be established by the evidence and which were not in the court's findings, were material, they should have sought further findings; and then, in case the trial court failed to make such further findings, they should have assigned as error the failure of the court to make the findings asked.   Appellants cannot fail to

ask for findings and then cure such failure by assigning insufficiency of evidence to support the findings made.

[3] An assignment that conclusions of law are unsupported by the evidence is improper (Norbeck, etc., v. Nielson, 39 S. D. 410, 164 N. W. 1033)—it being an attempt to disregard that upon which the conclusions are based, the findings of fact. No matter if the evidence is such as would support findings which in turn would support the conclusions, yet, if the trial court makes erroneous findings or fails to find on certain material matters, the conclusions cannot stand when attacked because of the insufficiency of the findings. Upon the other hand, if the findings are ample to support the conclusions, but such findings are not supported by the evidence, or there was error in refusing to make certain further and additional findings asked for, so that, under the findings as they should have been entered, the conclusion made would have been erroneous, the only correct methods of preserving the record and presenting the errors are not by assigning the insufficiency of the evidence to support the conclusions, but, in the one case, by assigning insufficiency of the evidence to support the erroneous findings and, in the other case, by assigning error of the court in refusing the findings requested.

[4] The facts which appellants claim were established by the evidence, but which were not found by the trial court, are not properly before us, but, as appellants have treated their assignment as giving this court the right to determine what facts were established by the evidence and then to say what the rights of the parties were in the light of the facts so established, and respondent has met them on the issues as thus presented, raising no question as to the insufficiency of the assignment to present the matters discussed, we have examined such evidence with a view of determining the correctness of the judgment.

Resolving all issues of fact, as we must, in favor of respondent, except where the clear preponderance of the evidence supports appellants' claim in relation thereto, we find the material facts to be as follows:

When Alfred Ernst married Christina, her children were quite small. They became a part of the family, the boys staying at home and helping there, the girls, as they grew up, working part of the time away from home, but their earnings being collected

and retained by their mother. Alfred Ernst was, if not at time of such marriage, at least soon thereafer, and afterwards remained, mentally incompetent to manage his business affairs, though physically able to perform manual labor. The result of this condition was that the wife assumed full control of all their business affairs. At time of their marriage each had little, if any, property. She rented farms and handled all moneys received therefrom. She finally purchased a relinquishment to a tract of government land in Nebraska, entry was made thereon in the name of the husband, and patent issued therefor to the husband as grantee. This land was afterwards sold, the proceeds thereof being taken by the wife. These parties came to this state and purchased the land involved in this action, paying for same with a part of the proceeds of the land that they had sold. The wife attended to this purchase, and took the deed in her name without the husband's knowledge. Several years before she died he learned that the deed ran to her.

[5] It is disclosed by the evidence that the wife and mother left a will wherein she attempted to devise an undivided one-third of this land to her five children by her first marriage, a life estate in the remaining two-thirds to her husband, and such two-thirds, subject to such life estate, equally among all her children. It also appears that, as a settlement of trouble growing out of the situation presented by the provisions of this will, Alfred Ernst and all seven of the children entered into a written agreement, whereby it was agreed that, regardless of the will, Alfred Ernst should have a life estate in all the land, the remainder to go to all seven of Christina Ernst's children, share and share alike. It is to be regretted that this agreement cannot be enforced, as it is undoubtedly, under the facts of this case, most fair and equitable. But owing to the incompetency of Alfred Ernst such agreement had no binding force as against him. This cause must be determined exactly as though this action were one brought on behalf of Alfred Ernst against his wife—her death, the will, and the attempted settlement do not affect the rights of Alfred Ernst.

[6, ] It is not for the judiciary to attempt to right any injustice that has its origin solely in statutory laws. Thus it matters not what our views may be as to the wisdom or justice of those laws which declare the husband to be the head of the family and recognize him as the sole and exclusive owner of that which has

been acquired through the joint efforts of husband and wife. Under existing laws the Nebraska land was the sole property of the husband, as much so as if acquired by him prior to his marriage. The question presented upon this appeal is no different, except as it is affected by the husband's incompetency, than would be presented if this land had been entered and patented in the wife's name, and the husband had assumed the management thereof, and such land had been sold and he had taken the proceeds thereof and without the knowledge or consent of his wife had invested such proceeds in other land taking title in himself. Would any one question the legal right of the wife to have such land declared trust property of which she was the real owner? Clearly not.

The judgment and order appealed from are affirmed.