SECURITY NATIONAL BANK OF SISSETON, S. D., Respondent, v. CRAWFORD, Appellant.

(210 N. W. 982.)

(File No. 5992.    Opinion filed December 6, 1926.)

1. **Appeal and Error—Damages—Where Plaintiff Was Entitled to Take Property, Evidence to Establish Defendant's Measure of Damages, for Taking, if Error, Held Not Prejudicial.**

    In action for possession of personal property, excluding evidence that horse was taken "right out of the harvest field," offered to establish defendant's measure of damages, if error, held not prejudicial, where plaintiff was entitled to take property.

2. **Evidence—Evidence that Third Party Said Defendant Should Have All His Horses Held Inadmissible, as Hearsay, in Absence of Showing that Representative of Plaintiff Heard Statement.**

    In action for possession of personal property, evidence that third party had said defendant was to have all horses he had at time held inadmissible, as hearsay, where there was no proper preliminary inquiry to show that any representative of plaintiff heard statement.

3. **Appeal and Error—Assignment in Brief that Court Erred in Directing Verdict for Plaintiff Held to Present No Question for Review (Supreme Court Rule 4).**

36—Vol. 50, S. D.

Assignment in brief that court erred in, taking case from jury, and directing verdict in favor of plaintiff, held to present no question for review, in view of Supreme Court rule 4.

**4.   Appeal and Error—Court Rules—Assignment in Brief that Court Erred in Entering Judgment for Plaintiff Held to Present No Question for Review (Supreme Court Rule 4).**

Assignment in brief that court erred in entering judgment for plaintiff held to present no question for review, in view of Supreme Court rule 4.

**5.   Appeal and Error—Court Rules—Assignment in Brief that Court Erred in Denying Defendant's Motion for New Trial Held Insufficient, Where Not Predicated on Specifications of Error Set Out in Brief (Supreme Court Rule 4).**

Assignment in brief that court erred in denying defendant's motion for new trial held insufficient, in view of Supreme Court rule 4, where not predicated on specifications of error set out in brief, and sufficient to specifically point out errors, and to show that alleged errors were specifically pointed out on motion for new trial.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1050(1), 4 C. J. Secs. 2952, 2969; (2) Evidence, Key-No. 317(4), 22 C. J. Secs. 167, 188; (3) Appeal and error, Key-No. 758(3), 3 C. J. Sec. 1589 (Anno.); (4) Appeal and error, Key-No. 758(3), 3 C. J. Sec. 1589.

Appeal from Circuit Court, Roberts County; Hon. J. J. Batterton, Judge.

Action by the Security National Bank of Sisseton, S. D., against Sam J. Crawford. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Jorgenson & Anderberg,* of Sisseton, for Appellant.

*Turner & McKenna,* of Sisseton, for Respondent.

MORIARTY, C. The plaintiff brought this action for the possession of certain personal property. Plaintiff claimed the right to recover the property for the purpose of foreclosing a certain chattel mortgage held by it and describing the property claimed. The evidence was presented to a jury, but at the close of the testimony the court directed the jury to return a verdict for the plaintiff. Such verdict was returned, and a judgment entered in accordance therewith. From that judgment, and an order denying a new trial, this appeal is taken.

[1]   Under the head of "Assignment No. 1" in appellant's brief it is alleged that the court erred in sustaining an objection to a question addressed to appellant and asking him whether a certain horse involved in the action was taken "right out of the harvest field." Appellant's counsel argue that this evidence was admissible to aid in establishing appellant's measure of damages for the taking of the property; but, as the judgment determines that the respondent was entitled to take the property, the evidence as to damages suffered by appellant is immaterial, unless the judgment is erroneous.   Under such circumstances, the ruling complained of could not be prejudicial.

[2]   Under "Assignment No. 2" appellant assigns as error the act of the trial court in sustaining an objection to a question propounded to appellant, and asking whether at the time of a certain transaction one Edward Crawford had not said that appellant was to have all the horses he (Edward Crawford) had at that time.   This question was objected to as calling for hearsay, not binding on the respondent.   As there was no proper preliminary inquiry to show that any representative of respondent heard the statement, the ruling was proper, and counsel made no further effort to lay a proper basis for the inquiry.

[3-5]   Appellant's remaining assignments are as follows:

"Assignment No. 3.   The court erred in taking said case from the jury and directing a verdict in favor of the plaintiff.

"Assignment No. 4.   The court erred in entering judgment in favor of the plaintiff and against the defendant in this action.

"Assignment No. 5.   The court erred in denying defendant's motion for a new trial."

The brief does not set out the specifications of error.   Each assignment simply gives the number of the specifications upon which the assignment is alleged to be based, and the page of the settled record where such specification is found.   These alleged assignments Nos. 3 and 4 wholly fail to specify the particulars in which the action of the trial court is alleged to be erroneous.   Nor do they show what alleged errors were pointed out to the trial court in support of the motion for a new trial.

While this court has held that an assignment in the form of assignment 5, above set forth, is a sufficient assignment of error

in the denial of a new trial, yet such assignment must be predicated upon assignments and specifications of error, set out in the brief, and sufficient to specifically point out the errors complained of, and to show to this court that such alleged errors were specifically pointed out to the trial court on the motion for new trial.

"An assignment of error need follow no stated form, but must point out the error complained of, and the grounds upon which claim of error is based, and must clearly point out wherein the alleged error was prejudicial to appellant." Rule 4 of this court.

We have no means of knowing that the specifications of error presented to the trial court were more complete or specific than the assignments contained in the brief. There being nothing before us to show proper specifications of particulars in the trial court, these assignments present no questions for the consideration of this court. Reeves & Co. v. McGee, 33 S. D. 276, 145 N. W. 544; Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923; Hazen v. Thompson, 33 S. D. 646, 146 N. W. 1070.

The judgment and order appealed from are affirmed.