PETERSON, Respondent, v. MENKE et al, Appellants.

(216 N. W. 886.)

(File No. 6308. Opinion filed December 20, 1927.)

*Thomas R. Nelson,* of Dupree, for Appellants.

*Martens & Goldsmith,* of Pierre, and *Clinton J. Crandall, Jr.,* of Onida, for Respondent.

CAMPBELL, P. J. Plaintiff brought his action seeking to quiet title to certain real estate. Defendants answered, claiming to hold a first mortgage lien on said realty, and asked that it be so adjudged. Findings, conclusions, and judgment were in favor of plaintiff on all the issues quieting title in plaintiff free of any lien of defendants and canceling defendants' mortgage. From this judgment, and from an order denying their motion for a new trial, defendants seek to appeal to this court.

Appellants in their brief set out the conclusions of law in part only, and set out only a part of the findings of fact made by the learned trial judge, being portions of findings numbered III and VIII, respectively.

The only specification of error used on the motion for new trial which is quoted or in any manner whatever referred to in appellant' brief is one specification set out in folio 24 thereof, reading as follows:

"That the court erred in entering findings of fact, conclusions of law, and judgment in favor of the plaintiff and against the defendants, as the same is not supported by the clear preponderance of evidence and testimony and is against the law."

The only assignments of error in this court are found in folios 29 and 30 of appellants' brief, and are in the following language:

"The court erred in entering findings of fact, conclusions of law, and decree in favor of the plaintiff and against the defendants, as the same is not supported by the clear preponderance of the evidence and testimony and is against the law (see S. R., Specification of Error No. 8, Brief, f. 24), and the court erred in entering an order denying defendants' motion for a new trial (Brief, ff. Nos. 22, 23—order in S. R.). The court erred in refusing to enter findings and conclusions and decree in favor of the defendants and against the plaintiff."

██ ██ Appellants have entirely failed to present any question whatever for the consideration of this court. Regardless of the sufficiency of the assignments, the findings of fact being set out in part only, there is no way in which we could possibly consider whether the findings support the judgment. Further, there is not in this court and it affirmatively appears that there was not on the motion for new trial, any showing of the particulars in which it

was claimed the evidence failed to support the findings, nor was there any request for findings. Appellants' record and assignments of error utterly fail to present a single question which we could possibly review. Sup. Ct. rule 4; section 2546, Rev. Code 1919; Eastwood v. Coplan, 32 S. D. 113, 142 N. W. 249; Lounsberry v. Kelly, 32 S. D. 160, 142 N. W. 180; Reeves & Co. v. McGee, 33 S. D. 276, 145 N. W. 544; Sweeney v. Hewett, 34 S. D. 302, 148 N. W. 503; Markus v. Poulson, 37 S. D. 328, 158 N. W. 406; Berke v. McCook County, 39 S. D. 579, 165 N. W. 985; Viktora v. Cressman, 41 S. D. 159, 169 N. W. 551; Kupfer v. Biehn, 41 S. D. 163, 169 N. W. 514; State v. Tiedeman, 49 S. D. 356, 207 N. W. 153; State v. Runyan, 49 S. D. 406, 207 N. W. 482; O'Lein v. Winesburg, 52 S. D. 8, 216 N. W. 550.

The judgment and order appealed from must be affirmed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.