# McNeill *v.* Kyle & Co.

*Suit commenced by Attachment; Statutory Claim Suit.*

1. *Assignments of errors, by consent, on judgment not appealed from.* On appeal by the defendant from a judgment in an attachment suit, errors being assigned, by consent, on the judgment in a statutory claim suit for the property attached, the judgment will be affirmed, because no errors are assigned on it; and if the consent could give jurisdiction of the other judgment, the appellant could not complain of it, not being a party to it.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The appellees in this case, J. Kyle & Co., suing as partners, commenced a suit by attachment against A. McNeill, on the 30th December, 1886; and the attachment was levied on a stock of goods, to which a claim was interposed by C. M. Gardner, and bond given for the trial of the right of property. The defendant pleaded in abatement of the attachment, on account of defects in the affidavit; and judgment was rendered April 27, 1888, sustaining the plea and abating the writ. On the 26th April, 1888, the claimants dismissed their claim suit, and judgment was rendered

[McNeill v. Kyle & Co.]

declaring the property subject to plaintiffs' judgment when obtained. On the 18th October, 1888, the defendant filed with the sheriff an affidavit and claim of exemption to the property levied on; and the claim not being contested, the sheriff made return, November 6th, 1888, that he had discharged the levy. On the 10th November, 1888, another judgment was rendered in the claim suit, reciting that an issue was made up between the parties, that the claimants declined further to prosecute their suit, and that the property was found subject to the plaintiffs' judgment when obtained. On the same day (November 10th), judgment by default was rendered against the defendant in the attachment suit, for $431.19, besides costs; and on his motion to discharge the levy of the attachment, because his claim of exemption had not been contested, the court rendered judgment to that effect. The appeal is sued out by the defendant, as' the clerk's certificate states, from "a judgment for $431.19 recovered against him by J. Kyle & Co." The errors assigned are: (1.) "The court erred in the judgment finding the attached property subject to the appellees' demand, and on the same day rendering another judgment discharging the same property from the lien of the attachment." (2.) "The court had no jurisdiction to render said first judgment, after the sheriff had discharged the levy of the attachment."

PARKS & SON, for appellant.

J. D. GARDNER; contra.

CLOPTON, J.—On December 30, 1886, an attachment was sued out by appellees, against the estate of appellant, on an indebtedness claimed to be due. Judgment was rendered in the attachment suit, November 10, 1888, in favor of the plaintiffs in attachment. The attachment was levied on goods and merchandise, to which a claim was interposed by C. M. Gardner & Co., to whom the property was delivered on the execution of a claim bond. On November 10, 1888, the claimants having declined to further prosecute, and having withdrawn their claim, judgment was rendered that the property was liable to the attachment. On the same day, it being made to appear to the court that the defendant in attachment had filed with the officer levying the attachment a claim of exemption to a portion of the property, and that,

[Strenna v. City Council of Montgomery.]

no contest of the claim having been inaugurated, the sheriff had discharged the levy on such property, the court made an order discharging the levy as to the property claimed as exempt.

The record shows that the appeal is taken from the judgment in the attachment suit; but, by agreement of counsel, it is to be considered and treated as an appeal from another and different judgment. We do not wish to be understood as recognizing that agreement of counsel can give this court jurisdiction of an appeal not taken as provided by the statute. Consent can not give jurisdiction of the subject-matter. This, however, is immaterial in the present case. If the appeal is taken from the judgment in the attachment suit, as shown by the record, the judgment must be affirmed, because no errors relating to it are assigned. If the appeal should be regarded as taken from the judgment in the claim suit, as to which errors are assigned, it must be dismissed. The appellant is not a party to such judgment, has no right to appeal therefrom, and can complain of no errors intervening in the claim proceedings or judgment. Whether the appeal be taken from the one judgment or the other, the result is the same.

Affirmed.