### WILLIAMS BROS. LUMBER CO. v. KELLY et al.

Supreme Court rule 11, providing that appellant in civil actions and proceedings shall append to and print with his abstract an assign- ment of errors, stating as specifically as the case will allow the errors objected to, and only such as he expects to rely on and ask the court to examine, is mandatory; and hence, in the absence of an assignment of errors so filed, the judgment will be affirmed.

(Opinion filed, Sept. 3, 1909.)

Appeal from Circuit Court, Marshall County. Hon. J. H. Mc- Coy, Judge.

Action by the Williams Bros. Lumber Company against J. F. Kelly and others. Judgment for plaintiff, and defendants appeal. Affirmed.

_Byron Abbott_ and _Otto L. Kaas_, for appellants. _Sears & Por- ter_, for respondent.

CORSON, J. This case comes before us on an appeal from the judgment and order denying a new trial. The respondent has filed in the court the following additional or amended abstract, in

which it is alleged: (1) That the record shows that no assignments of error have been made or filed in this court by appellant. (2) That appellant moved for a new trial, and has not assigned any error upon the overruling of such motion. (3) That appellant has not on this appeal pointed out or specified any errors committed by the trial court.

An examination of the record discloses that the statement made in the additional or amended abstract is correct, and that there are no assignments of errors filed in this court or set out in the abstract. By rule 11 of this court it is provided: "In civil actions and proceedings the appellant shall append to and print with his abstract an assignment of errors, which assignment need follow no stated form, but must, in a way as specific as the case will allow, point out the errors objected to, and only such as he expects to rely on and ask this court to examine. * * *" This rule of the court is mandatory, and must be complied with, and, unless complied with, the judgment of the court below must be affirmed. In 2 Enc, Pl. & Prac. 922, the law applicable to this question is thus stated: "It is generally said that the assignment of errors in the appellate court is just as essential as the declaration or complaint in the lower court. It is jurisdictional, and cannot be dispensed with by agreement of the parties. Without it the court has no means of knowing what rulings are presented for its review, and in fact has nothing before it." And a number of authorities are cited in support of this position. It is further said: "The failure to file an assignment of errors must consequently entail an affirmance of the judgment or decree, or a dismissal of the appeal." State v. Brown (Md.) 16 Atl. 722; McKinnon v. Atkins, 60 Mich. 418, 27 N. W. 564; Berg v. Bishop, 39 Mo. 356; Stanton v. Slabaugh (Mo.) 11 S. W. 577; McLeod v. Dickenson, 11 Mont. 438, 28 Pac. 551; McNeil v. Kyle, 86 Ala. 338, 5 South. 461; Globe Inv. Co. v. Boyum, 3 N. D. 538, 58 N. W. 339; Buckley v. Eaton, 60 Ill. 252; Shaw v. Patter, 39 Mo. 419; Altman v. Wheeler et al., 18 Mich. 240; Taylor v. Plummer, 105 N. C. 56, 11 S. E. 266; Rushfeldt v. Shave et. al., 37 Minn. 282, 33 N. W. 791; Lancaster et al. v. Waukegan & Southwestern Railway Co., 132 Ill. 492, 24 N. E. 629. And in no event can this court review the action of the trial court in granting or

denying a motion for a new trial, unless the granting or refusing of the motion is assigned as error. Pierce v. Manning, 2 S. D. 517, 51 N. W. 332. While we cannot agree with the statement, made in 2 Enc. Pl. & Prac. 922, that a failure to assign error is jurisdictional, we are nevertheless of the opinion that in the absence of an assignment of errors this court is not required to review the proceedings of the court below, and that it is our duty in such case to affirm the judgment of the circuit court.

The judgment of the circuit court, and order denying a new trial, are affirmed.

McCoy, J., taking no part in this decision.