HEPNER, Respondent, v. WHEATLEY, Appellant.

(144 N. W. 923.)

1. **Appeal—Error—Briefs—Printing—Lines and Type—Rule of Court.**

Under Rule 10 of the Supreme Court, as amended April 29, 1913 (140 N. W. xiii), prescribing the form, size, and cost of briefs, a brief containing 26 lines of 12-point type to the page, conforms to said rule, and the clerk, acting under the rule, properly filed the brief.

2. **Appeal—Error—Brief—Appeal From What?—Cure by Respondent's Brief.**

Appellant's brief, defective in not showing what the appeal was from, or that the case was in this Court on appeal, was cured by respondent's brief, stating that defendant "appealed from the order overruling the motion for a new trial," and setting out in full the notice of appeal he.claims was served.

3. **Appeal—Preparation of Briefs—General Requisites—Record and Proceedings—Presumption of Proper and Timely Steps Taken —Appellant's Statement—Presumptions, In Default of Respondent's Statement.**

While it will be presumed, on appeal, that, if the necessary proceeding below were in fact taken, they were properly and timely done, yet appellant's brief should state that an .appeal was perfected, and what the appeal was from, the truth of which statements will be assumed unless the contrary is disclosed by respondent's brief. Appellant's brief should further show, when error involving a new trial is assigned, the motion and grounds of motion for new trial, the ruling thereon and facts showing merits of the assignment, no reference to time or method of presentation being needed, unless upon some claimed defect in this respect that appellant relies upon.

4. **Appeal—Appellant's Brief—Record Settled, When to be Shown— Presumption—Reply Brief.**

Appellant's brief should show settlement of record below, when true and the fact is material, upon which statement it will be assumed that such record was properly and timely settled and certified, and that it contained specifications of error and of insufficiency of evidence to sustain verdict, finding, or decision, unless contrary is shown by respondent's brief.

5. **Appeal—Appellant's Brief—Specifications of Error—Presumptions of Sufficiency—Practice and Statutes—Rules—Presumptions of Insufficiency—Disregard of Assignments.**

Appellant's brief should make all specifications of error relied upon part of its statement, and, in connection with its assignments of error, show that the errors were prejudicial, and should refer to corresponding specifications by its page and

number in the brief, which is better practice, or, it should comply strictly with Laws 1913, Ch. 178, Sec. 3, and Laws 1913, Ch. 172, Sec. 1, and Supreme Court Rule 5 (140 N. W. viii) relating to specifications of error, and refer clearly to such specification by its page and number in settled record, and from such brief the Court will assume, unless the contrary appears, that the specifications in settled record support assignments in the brief; and unless one of such methods is followed, the Court will hereafter assume that specifications, if any, were insufficient to support the assignments, and will disregard every assignment which should have been preceded by corresponding specifications in settled record. And where the insufficiency of evidence is involved, it should affirmatively appear that the brief "contains a statement of all material evidence received on the trial."

6. **Appeal—Briefs—Statements in Appellant's and Respondent's Briefs—Presumptions of Verity—Reply Brief, Necessity for.**

The Supreme Court will treat as a verity all statements in appellant's brief purporting to state the record, unless disputed in respondent's brief, and all additions to or corrections of such statements, suggested in respondent's brief, will be taken as correct, and only in case of a reply brief, presenting a dispute as to true record, will the Court examine original record.

(Opinion filed December 30, 1913.)

Appeal from Circuit Court, Miner County. Hon. ALVA E. TAYLOR, Judge.

Action by John S. Hepner against Grant Wheatley. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. On motion to strike appellant's brief from the files, order to show cause thereon dismissed.

*C. C. Caldwell,* for Appellant.

It is not necessary that appellant's brief contain a statement that a notice of appeal was filed and served, or that an undertaking was given and filed, or that any appeal was taken, or that the record was settled by the trial judge for the reason: None of these showings in the brief, is required by statute. The statute, Chapter 174, Laws 1913, makes it the duty of clerk of trial court to transmit notice of appeal showing service and filing thereof, also the cost bond on appeal, and a certificate showing settlement of record by trial court. These become a part of the files in the case, without incumbering the appellant's brief with them. There-

fore the implication is that these matters are not to be set out in the printed brief.

Chapters 172, 173, and 178, Laws 1913, contain the procedure on motion for new trial and appeal, but none of these statutes require the showings · mentioned in respondent's affidavit, to be included in appellant's brief. Under Chapter 172, it is the duty of the respondent in his brief affirmatively to call attention to any respect in which the appellant's brief is unfair, incorrect, or incomplete. If, as a matter of fact, the record was not settled, or an appeal not regularly taken, respondent should show in his brief the facts in this respect as they appear of record.

Rule Six of this Court does not require any of the showings about which respondent complains. The appellant's brief contains everything required by this rule. These showings are unnecessary. State ex rel Curtis et al. v. Pond et al., 143 N. W. 778. Appellant's brief does comply with Rule 10 as to the number of lines on the printed page. Respondent's attorney has overlooked the amendment to said rule 10, adopted April 29, 1913, which amendment provides that when 12-point type is used, the printed page of the brief shall contain 26 lines. Appellant's brief is in strict compliance with the rule.

*E. H. Wilson,* for Respondent.

WHITING, P. J. [1] Respondent seeks an order striking appellant's brief from the files of this court, and he urges, as grounds for such an order: (1) That the said brief was not printed in conformity with rule 10 of the rules of this court (140 N. W. ix); in that "said brief contains but 26 lines instead of 28" to the printed page; (2) "that no reference is made in said brief as to the service of a notice of appeal upon the respondent's attorney, or upon the clerk of the circuit court, * * * nor is any reference in said brief made to the giving, filing, or service of an undertaking on appeal, * * * nor any notice or reference made to the serving or filing with the clerk of the Supreme Court of a copy of the notice of appeal in said action." Rule 10 provides its own and an ample remedy for any breach thereof, in that it provides that, when a brief which fails to conform to such rule "is offered for filing, the same shall be refused by the clerk and immediately returned with a statement of the objections thereto." The clerk did not reject appellant's brief because it conformed

strictly to rule 10—it was printed in 12 point type and had 26 lines to the page. See rule 10 (140 N. W. xiii) as amended April 29, 1913.

[2] While it is true that there is nothing in appellant's brief showing what his appeal is from, and in fact nothing which expressly shows that the cause is in this court upon appeal, yet respondent has cured such defect by stating, in his brief, that defendant "appealed * * * from the order overruling the motion for a new trial," and by setting out in full the notice of appeal which he claims was served.

While what we have said above disposes of the merits of respondent's motion, yet we deem this an opportune time to and welcome the opportunity thus given us to, offer some suggestions as to what should properly appear in briefs filed in this court; the briefs heretofore filed in this court cannot but impress one with the fact that, even among the oldest and ablest practitioners at our bar there is a wide divergence in opinion as to what such briefs should contain.

[3] It is our desire to simplify the practice on appeal, and thus prevent the incumbering of briefs with matters not necessary to a full and clear understanding of the merits of the appeal. Realizing that the action or proceeding, wherein there is a failure to properly settle the record below, or where the proper steps are not taken by the party moving for a new trial, or where the appeal to this court is not properly taken and perfected, is the exception and not the rule, and believing it to be far better to require the respondent to disclose that a particular case comes within such exception, rather than to require the appellant in every case to incumber his brief with recitals which would, in the vast majority of cases, serve no useful purpose, this court, in State v. Pond, 143 N. W. 778, declared: "That a record was properly settled, that a motion for a new trial made by an appellant was properly and timely made, and that the appeal was properly perfected, will all be assumed without any showing in appellant's brief that the several steps were properly and timely taken; if respondent wishes to raise any question upon any of these matters, he should do so by an additional statement in his brief, setting forth the material facts as they appear of record, which statement will be taken as true unless questioned in an ad-

ditional brief filed by appellant." But in the same decision we said: "Nothing said herein should be taken as excusing appellant from setting forth in his brief every fact and thing necessary to fully present the merits of every assignment of error relied upon, and to show that such errors were prejudicial."

Appellant's brief should state facts showing that this court has acquired jurisdiction of the cause; there should therefore be a statement that an appeal has been perfected; we will assume such a statement to be true unless the contrary is disclosed by respondent's brief. Appellant's brief should disclose what the appeal is from; a plain statement covering this matter is all that is necessary; we will assume the truth of such a statement unless the contrary is disclosed by respondent's brief. When an appellant assigns as error the ruling of the trial court granting or refusing a new trial, his brief should disclose that a motion for a new trial was made, the grounds thereof, and the ruling thereon, together with any other fact essential to an understanding of the merits of such assignment; this court will assume, unless the contrary appears, that such motion was presented to the trial court in time and in a proper method; and no reference to the time or method of presentation need be contained in appellant's brief unless it is upon some claimed defect in this respect that appellant is relying.

[4] Appellant's brief should disclose that a record has been settled in the trial court when such is a fact and such fact is material; with such statement in appellant's brief, this court will assume that such record was properly and timely settled and certified, and that it contained specifications of errors and of the insufficiency of the evidence to sustain the verdict, finding or decision, unless the contrary is disclosed by respondent's brief.

[5] The statutes (section 3 c. 178, Laws 1913) require such "settled record" to contain specifications of those errors upon which the party who seeks such record will rely upon motion for a new trial and upon appeal to this court; and, if such party is relying upon the insufficiency of the evidence to justify the verdict, finding or decision, such "settled record" must contain specifications of the particulars in which such evidence is held to be insufficient. The statutes (section 1, c. 172, Laws 1913) require that: "Such brief shall make careful references to the pages

of the record below showing clearly the parts of such record where errors are specified." Rule 5 of this court (140 N. W. viii) provides: "Each assignment of error * * * shall clearly refer by number to the corresponding specification of error and shall also state the page of the settled record where such specification is to be found." These provisions are too frequently disregarded by counsel. The important part which such specifications hold in our present practice seems to be overlooked by many attorneys. Without such specifications the settled record provided for by chapter 178, supra, is a nullity, and no claim of error can be based thereon. It is therefore highly essential that an appellant's brief should either make such specifications, as appellant relies upon, a part of the statement contained in such brief, and then, in connection with the several assignments of error, refer to the corresponding specification by its page and number in such brief (which practice we commend as the better practice), or else it should comply strictly with the statute and rule and, in connection with each assignment that is based upon some specification contained in the settled record, refer clearly to such specification by its page and number in such settled record. When the latter method is complied with, this court will assume, unless the contrary appears, that the specifications in the "settled record" support the assignments in the brief. Unless one or the other of the methods above noted is followed, this court will hereafter assume that the specifications, if any, were not sufficient to support the assignments, and every assignment which from its nature, should have been preceded by a corresponding specification in the settled record will be disregarded.

There are two matters covered by the statute and the rules of this court (chapter 172, Laws 1913, and rule 6 [140 N. W. viii]) which we feel cannot be too strongly impressed upon the members of the bar: (1) The necessity that the statement contained in the brief not only reveal the error complained of, but that it clearly appear that, taking the whole record into consideration, such error was prejudicial; (2) where appellant has assigned the insufficiency of the evidence to support the verdict, finding, or decision, the necessity that it affirmatively appear that his brief "contains a statement of all the material evidence received upon the trial;" and finally in determining what the state-

ment in the brief should contain in order to present the merits of an assignment, we can but repeat what is emphasized in rule 6: *"Preserve everything material to the question to be decided and omit everything else."*

What we have said above will naturally suggest the. necessity of respondent's brief disclosing those matters necessary to prevent this court assuming that to be true which in fact is false; thus it may be necessary to incorporate parts of the "settled record" or other files, to reveal wherein appellant failed to perfect an appeal, to have a record properly and timely settled, to properly present his motion for a new trial, or to disclose that the specification upon which appellant bases his assignment is insufficient to sustain such assignment.

[6]    Let it always be borne in mind that this court will treat as a verity all statements contained in that part of appellant's brief purporting to be a statement of the record not disputed in respondent's brief; that all additions to or corrections of such statements suggested in respondent's brief will be taken as correct unless disputed in a reply brief; that it is only in case of a reply brief, presenting a dispute as to the true record, that this court will examine the original record for the the purposes of ascertaining the truth.

The order to show cause is dismissed.