SEUBERT, Respondent, v. FAWICK TRACTOR COMPANY, Appellant.

(154 N. W. 446.)

(File No. 3792.   Opinion filed October 18, 1915.)

**Appeal—Assignment of Error, Necessity For—Affirmance—Jurisdiction.**

There being no assignment of error in appellant's statement and brief, there is nothing before the Supreme Court for consideration, as, under the established rule of the Court, only such matters as are presented by proper assignments of error will be considered; such assignments being jurisdictional.

Appeal from Municipal Court of Sioux Falls.   Hon. ALPHA F. ORR, Judge.

Action by John Seubert, against the Fawick Tractor Company. From a denial of a motion to set aside a default judgment, defendant appeals.   Affirmed.

*Lyons & Lyons,* for Appellant.
*Joe Kirby,* for Respondent.

POLLEY, J.    This case is here upon an appeal from an order denying a motion to vacate and set aside a default judgment. Certain affidavits, upon which the motion was based and which appellant contends are sufficient to entitle it to the relief prayed for, are set out in the statement of the case.    Respondent filed an additional statement of the case in which it is claimed that appellant's brief contains no assignment of error, and it is contended by him that this court cannot consider the sufficiency of appellant's showing on the motion, for the reason that the making of the order appealed from is not assigned as error.    An examination of appellant's statement of the case and brief verifies the claim that no assignment of error is made by appellant; and, this being the case, there is nothing before this court for consideration.

The rule is well established, and has been consistently adhered to by this court, that only such matters as are presented by proper assignments will be considered upon appeal.    In Williams Bros. Lumber Co. v. Kelly, 23 S. D. 582, 122 N. W. 646, this court, quoting from 2 Enc. Pl. & Pr. 922, said:

"'It is generally said that the assignment of errors in the appellate court is just as essential as the declaration or complaint in the lower court.    It is jurisdictional, and cannot be dispensed with by agreement of the parties.    Without it the court has no means of knowing what rulings are presented for its review, and in fact has nothing before it.'    And a number of authorities are cited in support of this position.    It is further said: 'The failure to file an assignment of errors must consequently entail an affirmance of the judgment or decree, or a dismissal of the appeal.' State v. Brown (Md.) 16 Atl. 722; McKinnon v. Atkins, 60 Mich. 418, 27 N. W. 564; Berg v. Bishop, 39 Mo. 356; Stanton v. Slabaugh (Mo.) 11 S. W. 577; McLeod v. Dickenson, 11 Mont. 438, 28 Pac. 551; McNeill v. Kyle, 86 Ala. 338, 5 South. 461; Globe Inv. Co. v. Boyum, 3 N. D. 538, 58 N. W. 339; Buckley v. Eaton, 60 Ill. 252; Shaw v. Potter, 39 Mo. 419; Altman v. Wheeler et al., 18 Mich. 240; Taylor v. Plummer, 105 N. C. 56, 11 S. E. 266; Rushfeldt v. Shave et al., 37 Minn. 282, 33 N. W.

791; Lancaster et al. v. Waukegan & Southwestern Railway Co., 132 Ill. 492, 24 N. E. 629."

And, again, in State v. Johns, 25 S. D. 451, 127 N. W. 470, this court said:

"The rule seems to be well settled that, unless there is an assignment of errors contained in the abstract, this court has nothing before it for review"—citing Bill v. Klaus, 4 Dak. 328, 30 N. W. 171; Franz Falk Brewing Co. v. Mielenz Bros., 5 Dak. 136, 37 N. W. 728; Globe Inv. Co. v. Boyum et al., 3 N. D. 538, 58 N. W. 339; O'Brien v. Miller, 4 N. D. 308, 60 N. W. 841; State v. Chapman, 1 S. D. 414, 47 N. W. 411, 10 L. R. A. 432; Williams Bros. Lumber Co. v. Kelly, 23 S. D. 582, 122 N. W. 646.

Following this rule, there is nothing presented by this record for consideration, and the order appealed from is affirmed.