BERKE et al., Respondents, v. McCOOK COUNTY et al., Appellants.

(165 N. W. 985.)

(File No. 4173.     Opinion filed December 31, 1917.     Rehearing denied February 14, 1918.)

1.   Appeals—Review—Brief, Failure to Particularize In Statement Re Errors—Failure to Amend After Objection—Presumption Re Record.

Where, in appellants' printed record in their brief, the statement was insufficient to confer upon Supreme Court authority to consider the alleged errors discussed by appellants, respondents' brief having called specific attention to each and every particular wherein said statement was insufficient, and appellants not having sought any amendment, **held,** that it will be presumed that settled record and notice of appeal did not support any amendments to such statement.

2.   Same—Review Re Errors—No Assignment Re New Trial—Contention In Brief, Effect—Former Decisions.

Where appellants' brief did not assign error in trial court's refusal to grant new trial, but stated therein that "the order denying defendants a new trial * * * should be reversed," such statement is not a proper assignment of error; and where there is no assignment, there is nothing before Supreme Court upon which it can base a reversal.   La Crosse Rubber Mills Co. v. Dakota Wholesale Co., 36 S. D. 221, 154 N. W. 447, explained; Williams Bros. Lumber Co. v. Kelley, 23 S. D. 582, 122 N. W. 646, adhered to.

3.   Same—Assignment Re Refusal To Grant "Defendants' Motion For Judgment At Close of Plaintiffs' Case," Effect, Re Sufficiency of Evidence.

Where appellants assign error in court's refusal to grant "defendants' motion for judgment made at the close of plaintiffs' case;" such assignment questions sufficiency of evidence to support trial court's decision.

4.   Same—Review—Statement of All Evidence, Necessity, Re Sufficiency of Evidence—Presumption.

Both under Rule 6 of Supreme Court (Rule 6, 29 S. D. p. 4 Rules, 140 N. W. VIII) and under express statutory pro-

vision (Laws 1913, Ch. 178), in order for Supreme Court to consider sufficiency of evidence to support verdict, etc., it must affirmatively appear in printed record that it "contains * * * a statement of all material evidence received upon the trial;" and in absence of such statement the Court will presume there was evidence which would have made it error for trial court to have sustained the motion for judgment at close of plaintiffs' case, and that there was ample evidence supporting each finding.

5.   Same—Errors Assignable Only On Record—Specifications of Error, Their Function—Statute.

Upon an appeal record presenting errors assignable only upon a settled record, held, that an essential part of each settled record, being that by which sufficiency and correctness of such record is judged, are the specifications of error therein; which specifications point out the very errors upon which losing party intended to rely upon motion for new trial on appeal, or both, and such prevailing party and trial court need, in settling the record, only to see that such record presents those and only those errors so specified; construing Laws 1913, Ch. 178, Sec. 3.

6.   Same—Assignment of Error On Settled Record, Specifications of Error Assigned, Necessity, Effect Of Failure To Specify.

Every assignment of error presented upon appeal based upon settled record, excepting an assignment assigning as error denial of new trial, is an absolute nullification unless settled record contains specification of error sufficient to give notice to prevailing party and trial court that that particular alleged error would be presented as ground for motion for new trial or for reversal on appeal, or both. It is therefore incumbent upon appellant to disclose to Supreme Court, by his statement, that each and every assignment of error is based upon a sufficient specification of error; construing Rule 5 of Supreme Court (29 S. D. p. 3 Rules, 140 N. W. VIII). The Supreme Court has treated said rule and statute (Laws 1913, Ch. 178, Sec. 3) as merely directory, and has approved other methods of presenting such information as authorizes Court to indulge in such assumption; hoping, when adjudicating in Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923, that the Court had placed this and other methods of practice beyond misunderstanding; which hopes have in the main been realized.

7.   Same—Appellants' Statement On Settled Record—Specifications of Error, Reference to In Notice of Intention, Presumption From.

Where printed record on appeal disclosed that notice of intention to move for new trial stated said motion would be based upon specifications of error, and further disclosed that

record was settled, Supreme Court will assume there were specifications in such record; but, printed record nowhere showing, or conveying information from which Court is authorized to assume that any specifications contained in settled record pointed out any alleged error now assigned, the Court will therefore only assume that specifications were insufficient to support the assignments, and every assignment which from its nature should have been presented by a corresponding specification in settled record will be disregarded (Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923).; and, no assignments appearing except such as "should have been preceded by a corresponding specification," no alleged error is before Court for consideration.

Appeal from Circuit Court, McCook County. Hon. JOSEPH W. JONES, Judge.

Action by Rose Berke, Wm. J. Bryan Berke, and Herman O. F. Berke, against McCook County and Phil Roche as Treasurer of McCook County. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Affirmed.

*P. W. Scanlan,* for Appellants.

*Bates & Bates,* for Respondents.

WHITING, J. [1] Respondents contend that, under the printed record filed by appellants, this court cannot rightfully consider any of the alleged errors urged by appellants as grounds for reversal of the trial court. In such contentions respondents are clearly correct. In their brief filed in this court, which brief was duly served on appellants, respondents called specific attention to each and every particular wherein appellants' statement (contained in their brief) was insufficient to give this court authority to consider the alleged errors discussed by appellants. Notwithstanding their attention was so directed to the defects in their statement, appellants have not seen fit to seek any amendment of such statement. We must therefore conclude that the settled record and the notice of appeal would not support any amendment to such statement.

[2] Appellants say in their brief that "the order denying the defendants a new trial and the judgment for the plaintiff * * * should be reversed." While appellants' statement in their brief contains assignments of error, there is none assigning as error the trial court's refusal to grant a new trial. Such statement does not even show what the appeal was taken from. While this

court in La Crosse Rubber Mills Co. v. Dakota Wholesale Coffee Co., 36 S. D. 221, 154 N. W. 447, said that a "proper assignment of error is essential to the jurisdiction of this court," it was not intended to hold that without such assignment this court did not acquire jurisdiction of the appeal, as we had no intention of reversing the holding of this court in Williams Bros. Lumber Co. v. Kelly, 23 S. D. 582, 122 N. W. 646; but we did intend to hold, in line with many decisions of this court, that, where there is no assignment, there is nothing before the court upon which it can base a reversal. Williams Bros. Lumber Co. v. Kelly, supra; Sorg v. Wells, 33 S. D. 142, 144 N. W. 918; Seubert v. Fawick Traction Co., 36 S. D. 213, 154 N. W. 446; Halverson v. Glass, 36 S. D. 225, 154 N. W. 444.

[3, 4] Appellants have assigned error in the court's refusal to grant "defendants' motion for judgment made at the close of plaintiffs' case." Such an assignment questions the sufficiency of the evidence to support the decision of the court. Both under rule of this court (rule 6, 29 S. D. 4, 140 N. W. viii) and under express provision of statute (chapter 172, Laws 1913), in order for this court to consider the sufficiency of the evidence to support the verdict, findings, or other decision, it must affirmatively appear in the printed record filed in this court that it "contains * * * * a statement of all the material evidence received upon the trial." It does not so appear in the record filed herein. This court must therefore presume that there was evidence which would have made it error for the trial court to have sustained the motion, and further will presume that there was ample evidence to support each and every finding made. This court has so held in numerous decisions. See Denton v. Butler, 37 S. D. 444, 158 N. W. 1017, and cases cited therein.

[5-7] The errors assigned by appellants are only such as can be presented to this court upon a settled record. An essential part of every settled record, being that by which the sufficiency and correctness of such record is judged, are the specifications of errors therein contained. The specifications of error point out to the prevailing party and to the trial court the very errors upon which the losing party intends to rely upon motion for new trial or appeal or both, and such prevailing party and the trial court need, in settling the record, only to see that such record when

settled fairly presents those errors, and only those, that are specified. Section 3, c. 178, Laws 1913. Every assignment of error presented to this court upon an appeal based upon a settled record, except an assignment assigning as error the denying of a new trial, is an absolute nullity, unless the settled record contained a specification of error sufficient to give fair notice to the prevailing party and to the trial court that that particular alleged error would be presented as a ground for motion for new trial or as a ground for reversal on appeal or as ground for both. It is therefore incumbent upon an appellant to disclose to this court, by this statement on appeal, that each and every one of his assignments of error is based upon a sufficient specification of error. Rule 5 of this court (29 S. D. 3, 140 N. W. viii) provides how an appellant may prepare his printed record so as to warrant this court in assuming that sufficient specifications are contained in the settled record. This court has treated this rule and statute as merely directory, and has approved other methods of presenting such information as authorizing us to indulge in such assumption. We went into this matter very fully in Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923. We hoped then that we had so thoroughly covered this and the other matters of practice discussed in that case that there could be no further misunderstanding in relation thereto. In the main our hopes have been realized. The printed record in the case before us discloses that the notice of intention to move for a new trial stated that said motion would be presented upon, among other things, specifications of error. It further disclosed that the record was settled. This court therefore assumes that there were specifications in such settled record. Hepner v. Wheatley, supra. But the printed record before us in no manner whatsoever brings to our attention the fact, or brings to us any information from which we are authorized to assume, that any specification contained in such settled record pointed out any alleged error that is now assigned in this court. We can therefore only "asume that the specifications * * * were not sufficient to support the assignments, and every assignment which from its nature should have been preceded by a corresponding specification in the settled record will be disregarded." Hepner v. Wheatley, supra. There being no assignments in the record before us, except such as "should have been

preceded by a corresponding specification," there is no alleged error before us for our consideration.

The trial court is affirmed.