MIZAR, Appellant, v. NELSON et al, Respondents.

(180 N. W. 960.)

(File No. 4718.   Opinion filed January 15, 1921.)

1. **Appeals—Dismissal of Appeal—Appeal Notice, Record Failing to Show Filing With Trial Clerk, No Denial in Respondents' Brief, Presumption Re Filing.**

   A motion to dismiss an appeal from Circuit Court, based upon the failure of appeal record to recite the filing with trial clerk of notice of appeal, will be overruled, where respondents' brief shows ·no failure to file such notice, appellant's record reciting that appeal had been perfected; and Court will assume that such notice was filed; the appellant files showing however that notice was filed below.

2. **Appeals—No Specifications of Error in Record, Statement of Identity of With Assignments of Error of Record—Specifications Copied by Respondents Failing to Show Reference. to Transcript—Transcript's Use Confined to Trial Court, Objections Tenable Only Below—Statute.**

   Where appeal record failed to show specifications of error, but record stated they were identical with assignments of error of record, respondent having copied specifications and contending that Court cannot consider sufficiency of evidence because specifications questioning sufficiency did not, as required by Sec. 2546, ·Code 1919, refer to pages of transcript where alleged error is found; held, that the statutory provision is for adverse party's convenience in trial court in settling record and on motion for new trial, and objections based on such omission should be made below.

3. **Contracts—Crop Sharing—Labor Re Cropping, Subsequent Justifiable Abandonment of Contract, Suit For Value of Services, Measure of Damages, Whether Under Contract or Quantum Meruit—Evidence Re Value of Crops, Instruction Limiting to Services, Insufficiency of Evidence.**

   Where defendant, to a suit on a note, counterclaimed under a written contract between himself and plaintiff for ·farming certain lands and for sharing crop proceeds, defendant alleging that he with team performed certain labor in putting in crop, that he thereafter justifiably abandoned the contract by reason of plaintiff's conduct, and asked judgment for value of his services less amount of note; held, that defendant sought not to recover under the contract but upon quantum meruit for labor performed; that trial Court erroneously admitted evidence as to value of crops after such abandonment; that court further erred in limiting by instructions defendant's recovery to reasonable value of his services and to the effect that, if defendant

was justified in leaving the premises, he was entitled to recover such reasonable value; there being no evidence from which jury could determine such reasonable value.

Appeal from Circuit Court, Gregory County. Hon. William Williamson, Judge.

Action by Gordon Mizar against Coy Nelson and another, to recover upon a promissory note; defendant counterclaiming. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*N. D. Burch,* and *O. E. Ford,* for Appellant.

*W. J. Hooper,* for Respondent.

(2) To point two of the opinion, Respondent cited: Hedlund v. Holy Terror Mining Co., 16 S. D. 261.

(3) To point three, Respondent cited: Bowers v. Graves & Vinton Co., 8 S. D. 385; Nebraska Land & Live Stock Co. v. Burris, 10 S. D. 430.

WHITING, J. This action was brought to recover an amount claimed due upon a promissory note. Respondent Nelson sought and secured a judgment on a counterclaim. Plaintiff has appealed from such judgment and from an order denying a new trial.

[1] Respondent moves the dismissal of this appeal, basing such motion upon the fact that, while appellant in his printed record stated that an appeal had been perfected, he followed such statement by a detailed recital of the steps taken in perfecting such appeal, and omitted to set forth that he filed the notice of appeal in the office of the clerk of the trial court. Respondent concedes that, if it were not for this detailed recital of the steps taken, the general statement that the appeal was perfected would have been sufficient under the decision in Hepner v. Wheatley , 33 S. D. 34, 144 N. W. 923. In the absence of any statement in respondent's brief that appellant did fail to file the notice of appeal, we would, under the general statement in appellant's brief, assume that such notice was filed. Moreover, the files of this court show that such notice was filed in the trial court. The motion to dismiss is denied.

[2] Appellant did not set out his specifications of error in his printed record, but stated that they were identical with the as-

signments of error appearing in such record. Respondent, in his brief, has copied such specifications, and contends that this court cannot consider the sufficiency of the evidence to sustain the verdict because of the fact that the specification which questions the sufficiency of such evidence did not, as required by section 2546, R. C. 1919, make any reference to the page of the transcript where the alleged error is to be found. This statutory provision is for the convenience of the adverse party and trial court in the settling of the record and in connection with the hearing upon the motion for new trial. It serves its only purpose in the trial court, and any objections based upon such omission to comply with this provision of section 2546 should be made in such court.

[3] Respondent, in his counterclaim, alleged the making of a written contract between himself and appellant whereby they undertook to farm certain lands and to share the proceeds of the crop therefrom. Respondent alleged that he performed certain labor, both by himself and his team, in putting in the crops on said land; that he thereafter abandoned the contract, and left the said lands, being justified in so leaving by the conduct of appellant; that the reasonable value of his service rendered under said contract was a certain amount; and he asked judgment for that amount, less the amount due on the note. It will thus be seen that respondent in his answer, did not seek to recover *under the contract,* but sought to recover upon quantum meruit for labor performed, basing his claims on the plea that appellant had so conducted himself that he, respondent, was justified in abandoning the contract. Respondent pleaded no right to recover *under the contract* any amount based on the value of the crops produced on the land; yet the trial court, over objection, admitted evidence as to the value of the crops as they stood unharvested about a month after defendant had abandoned the contract. However, in his instructions to the jury, the court limited respondent's recovery, if any, to the reasonable value of his services, instructing it that if it found respondent was justified in leaving the premises, he was—

"entitled to recover the reasonable value of his services from the 9th day of March until the 30th day of May, having in mind the

fact that he used his own horses and whatever else the evidence shows that he used that belonged to him."

There was absolutely no evidence from which the jury could determine the reasonable value of any work that was performed by defendant or by his team.

The judgment and order appealed from are reversed.