FIRST STATE BANK, Plaintiff and Respondent, v. STOCK GROWERS STATE BANK, Respondent, (O'Leary, Defendant and Appellant).

(208 N. W. 172.)

(File No. 5608.   Opinion filed April 5, 1926.)

**Appeal and Error—Assignments of Error—Court Rules—General Assignment Merely Alleging Error in Denial of Motion to Vacate and Set Aside Findings, Conclusions, and Judgment, Held Not Entitled to Consideration, Under Supreme Court Rule 4**

Assignment stating that court erred in denying motion to vacate and set aside findings of fact, conclusions of law, and judgment held to present nothing for review under Supreme Court rule 4, requiring that it point out error complained of and grounds on which claim is based, and point out wherein alleged error is prejudicial.

---

Note.—See, Headnote, American Key-Numbered Digest, Appeal and error, Key-No. 734, 3 C. J. Secs. 1504, 1505 (Anno.).

Appeal from Circuit Court, Corson County; HON. W. N. SKINNER, Judge.

Action by the First State Bank against the Stock Growers' State Bank and others.   From an order denying a motion to vacate and set aside findings of fact, conclusions of law, and judgment for the named defendant, defendants Jennie O'Leary and another appeal.   Affirmed.

*Sherin & Sherin,* of Watertown, for Appellant.

*McNulty & Campbell,* of Aberdeen, for Respondent.

MISER, Circuit Judge.   This is an appeal by the O'Learys, appellants, from an order of the trial court denying appellants' motion to vacate and set aside findings of fact, conclusions of law, and judgment rendered in favor of respondent, Stock Growers' State Bank, in the above-entited action.   The assignment of error, as set out in the appellants' brief verbatim, is as follows:

"The court erred in denying appellants' motion to vacate and set aside the findings of fact, conclusions of law, and judgment rendered in the above-entitled action on the 10th day of March, 1923."

This assignment of error is clearly a violation of rule 4, and especially that part of it which is as follows:

"An assignment of error need follow no stated form, but must point out the error complained of and the grounds upon which claim of error is based, and must clearly point out wherein the alleged error was prejudicial."

This court has so frequently reaffirmed this rule as to make! a citation of cases surplusage. The' rule is clearly violated, and the order of the trial court should be affirmed. But, notwithstanding the foregoing rule we have, in view of the statements made in appellant's brief, considered the case as though proper assignment had been made on all matters urged by appellants in their brief, and we find no merit in the appeal.

CAMPBELL, J., not sitting.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.