O'LEIN, Respondent, v. WINESBURG, Appellant.

(216 N. W. 550.)

(File No. 6258. Opinion filed December 13, 1927.)

*Chas. J. Porter,* of Madison, for Appellant.

*Berdahl & Hyland,* of Sioux Falls, for Respondent.

CAMPBELL, P. J.   Plaintiff brought this action against the defendant, chief of police of the city of Madison, S. D., to recover damages for the alleged conversion of a Ford automobile, plaintiff claiming to be entitled to the possession thereof, and claiming that the defendant had taken the same from where it was standing upon the streets of the city of Madison, and by an unjustifiable and unreasonable refusal to return it to plaintiff had converted it

to plaintiff's damage $350. Issue was joined and the action tried to a jury, who returned a verdict in favor of plaintiff for damages in the amount of $65, on which verdict judgment was entered. Defendant's motion for new trial having been·denied, he appeals.

Appellant seeks to question the sufficiency of the evidence to show a conversion. Nowhere in the brief is there any assignment of error predicated upon the court's refusal to grant appellant a new trial. Therefore there is nothing for this court to consider so far as concerns the precise question of the sufficiency of the evidence to support the verdict. Supreme Court rule. 4; Berke v. McCook County, 39 S. D. 579, 165 N. W. 985. Appellant also seeks to review the question of the sufficiency of the evidence upon a claim that the court erred in overruling his motion made at the close of plaintiff's testimony, praying dismissal, for the reason that the evidence at that time failed to show any conversion, and in overruling his motion for dismissal made at the close of all the testimony upon the same grounds.

On pages 81 to 85 of his brief, inclusive, appellant, under the heading "Motion for a New Trial," sets out certain claims of error numbered from I to XII, inclusive. Whether these are meant for a reproduction of appellant's specifications of error as urged upon his motion for new trial, or whether they are intended as his assignments of error in this court, we do not know and cannot determine from the brief. In either event, they fail to set out the particulars in which it is·claimed that the evidence was insufficient. If, in fact, they are intended as the specifications of error used by appellant on his motion for new trial, then his brief contains no assignments of error and there is nothing for this court to consider. Seubert v. Fawick Tractor Co., 36 S. D. 213, 154 N. W. 446. If the claims of error printed in this brief are intended as the assignments of error in this court, then they are fatally defective in that they do not in any wise refer to the specifications of error supporting them, and do not show where such specifications of error could be found in the record. Supreme Court rule 4; Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923; Berke v. McCook County, supra.

It is further to be observed that nowhere in appellant's brief is it made to appear that such brief contains a statement of all the material evidence upon the trial, and· in the absence of

such statement this court will assume that there was evidence which would have made it error for the trial court to have sustained appellant's motion for dismissal. Supreme Court rule 4; Berke v. McCook County, supra.

Appellant having failed to present anything to this court for review, the judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.