BERGE, Respondent, v. YELLOW MFG. ACCEPTANCE CORP., Appellant.

(232 N. W. 45.)

(File No. 7086. Opinion filed September 2, 1930.)

*J. W. Barrington,* of Sisseton, for Appellant.
*Turner & McKenna,* of Sisseton, for Respondent.

BROWN, P. J. Plaintiff purchased a two-ton motortruck for $2,619.48 on a conditional sales contract. The contract was assigned to defendant, and on October 30, 1929, when there were six months of installments aggregating $768 yet unpaid, five of which installments were past due, defendant took possession of the property and undertook to foreclose all of plaintiff's rights under the contract by a sale of the truck. Notice of the time and place of sale was mailed to plaintiff by registered letter and a copy of such notice published in a weekly newspaper in the district in which the conditional sales contract was filed. The truck was sold at public auction pursuant to such notices and was bid in by defendant for the sum of $560, leaving a deficiency of $230 in addition to costs of foreclosure, alleged to have been $22.50. Plaintiff brought this action in conversion, claiming damages in the sum of $800. Defendant denied any conversion, alleged that the foreclosure was had pursuant to law and counterclaimed for the deficiency of $252.50. The case was tried to the court without a jury, and, from findings and judgment in favor of plaintiff for the sum of $937, and from an order denying a new trial, defendant appeals.

The amount of the judgment is based upon the court's finding that the value of the truck at the time of its seizure by defendant was $1,700; that the balance due under the contract was $768; that the difference between the value of the truck and the balance due was $932, which sum, with legal interest from the date of seizure to the date of the judgment, amounted to $937.

Uniform Sales Act, Laws 1919, c. 137, § 19, provides that, when under a conditional sales contract the buyer has paid at least 50 per cent of the sale price at the time the property is retaken by the seller, if the buyer does not redeem the goods within ten days after they are retaken, the seller must sell them at public

auction after having given notice of the sale by at least three notices posted in different public places within the filing district where the goods are to be sold, at least five days before the sale. It also provides that the buyer must be given written notice by registered mail at least ten days before the sale, and, if more than $500 has been paid on the purchase price, notice shall also be given by publication in a newspaper within the filing district for at least five days before the sale. Defendant complied with all the requirements of this section except that of posting the required notices in at least three different public places within the filing district. No notices were posted. In Fodness v. Juelfs, 13 S. D. 145, 82 N. W. 396, we held that a sale of personal property under execution was void and rendered the sheriff liable for conversion of the property when made without posting notices as required by statute, notwithstanding notice had been given by publication in a legal newspaper. The requirement of posting at least three notices within the filing district is mandatory under the Conditional Sales Act, and the trial court rightly held the sale to be void for want of such posting, and that defendant was liable for conversion of the property.

The action was begun by attachment of the truck immediately after the sale, and service was made upon defendant outside of the state, and defendant contends that the vendee under a conditional sales contract has no attachable interest therein until complete performance of the conditions, and that therefore the court acquired no jurisdiction of defendant. The attachment, however, was not against the vendee's interest, but against the vendor's and, besides, the defendant appeared and answered in the action and went to trial, and there can be no question but what the court had jurisdiction both of the subject of the action and of the person of the defendant.

Appellant contends that the damages are excessive, as is evident from the testimony of several witnesses who testified as to the value of the truck at the time it was taken, but none of the testimony is brought up to this court, and, in the absence of all the material testimony being set out in appellant's brief, it is presumed that there is sufficient competent testimony in the record to sustain the findings and judgment of the court. Parker v. Vinson, 11 S. D. 381, 77 N. W. 1023; Ricker v. Stott, 13 S. D. 208, 83 N. W. 47; Hansen v. Bendert, 53 S. D. 26, 219 N. W. 883; Dennis

v. Great Northern Construction Co., 53 S. D. 646, 222 N. W. 269; Hanson v. Lambert, 53 S. D. 34, 219 N. W. 892. It is finally argued that the complaint alleges that plaintiff's damage by reason of the conversion was $800, and plaintiff demands judgment for only the sum of $800, and that it was error to give judgment for any sum in excess of $800. But there is no assignment of error upon which to found this argument; in fact, there are no assignments of error at all in appellant's brief. It contains some specifications of error made prior to the motion for new trial, but nowhere does it purport to adopt such specifications as assignments of error in this court, and, in the absence of an assignment of error, the question cannot be reviewed. Seubert v. Fawick Tractor Co., 36 S. D. 213, 154 N. W. 446.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, J., concurs in the affirmance of the judgment and order appealed from.