CLARK, Respondent, v. GOLD BROS. SECURITY CO., Appellant.

(244 N. W. 345.)

(File No. 7349.   Opinion filed October 4, 1932.)

*Robert D. Jones,* of Milbank, for Appellant.

*Perry F. Loucks* and *Alan L. Austin,* both of Watertown, for Respondent.

WARREN, J. This is an attempted appeal from a judgment modifying a previous order made in the circuit court in the Matter of the Appeal of A. A. Blomquist, as Receiver of the Gold Bros. Security Company.

Respondent has challenged the record as presented by the appellant in the following particulars: That the settled record specifically shows that it does not contain any of the oral evidence, and only two of the numerous exhibits; and, further, that the appellant has failed to present proper or any assignments of error in its record or brief; and there is nothing for this court to review.

The appellant's failure to insert, in its record and brief, assignments of error, was clearly and definitely presented to the attention of appellant in respondent's brief which was served and filed and no effort has been made to amend or correct its record and brief.

An examination of appellant's record and brief verifies the respondent's claim that no assignments of error were made by appellant. Hence, there is nothing before this court for consideration. This court has consistently adhered to the well-established rule that only such matters that are presented by proper assignments of error will be considered upon appeal. In Berge v. Yellow Mfg. Acceptance Corporation, 57 S. D. 306, 232 N. W. 45, we held that in the absence of an assignment of error there is nothing for consideration to be reviewed by the court, citing Seubert v. Fawick Tractor Company, 36 S. D. 213, 154 N. W. 446, in which we cited leading authorities so holding.

In Berke et al v. McCook County et al, 39 S. D. 579, 165 N. W. 985, we said: "There being no assignments in the record before us except such as 'should have been preceded by a corresponding specification,' there is no alleged error before us for our consideration."

Again, in O'Lein v. Winesburg, 52 S. D. 8, 216 N. W. 550, we held that it was incumbent upon an appellant to disclose to this court the errors complained of by sufficient assignments of error. See, also, First State Bank v. Stock Growers' State Bank, 50 S. D. 28, 208 N. W. 172; Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923.

In the absence of any proper assignments of error in the appellant's brief, there is nothing for this court to review.

The order appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.