GOLD MEDAL DAIRY COMPANY, a Corporation, Respondent, v. LANGENFELD, et al, Appellants.

(249 N. W. 815.)

(File No. 7523.   Opinion filed August 12, 1933.)

*Frank L. Whooley*, of Watertown, for Appellant.
*B. B. McClaskey*, of Huron, for Respondent.

WARREN, J.   Matt Langenfeld, before time for answering had expired, demanded a change of venue from the circuit court of Beadle county to that of Codington county. The plaintiff refused to stipulate or consent to the change. Thereafter the matter was heard before the circuit court. The change of place of trial was denied and an order entered denying defendant's application, from which order the defendant has attempted an appeal to this court.

Respondent has filed an additional abstract, and among some of the matters stated therein for our consideration we find the following: "The record shows that appellant has not on this appeal specified or assigned any error committed by the trial court and has not set out in his brief any assignment of error as required by Rule 4, Rules of Court."

Respondent again in the argument portion of his brief states: "Nowhere in appellant's abstract and brief is there an assignment of error as required by Rule 4, Rules of Court, or anything approximating an assignment of error or anything termed an assignment of error. Such omission precludes consideration by the court of the matter presented."

An examination of appellant's statement of the case and brief verifies the claim that no assignment of error is made by appellant. It will be observed that respondent challenged appellant's attention as to the sufficiency and lack in appellant's abstract and brief of assignments of error. Yet the appellant has made no attempt to comply with the rules, and while he has served and filed a reply brief, we find nothing therein which could be considered or in any manner be said to be, or which constitutes, what is ordinarily known as assignments of error. Appellant's failure to insert in his record and brief assignments of error having been clearly and definitely pointed out and presented to appellant's attention in respondent's brief and no effort having been made to amend or correct his record and brief, there is nothing for this court to review. In Clark v. Gold Bros. Sec. Co., 60 S. D. 297, 244 N. W. 345, we announced and reiterated the necessity of proper assignments of error in appellant's brief. See, also, Seubert v. Fawick Tractor Co., 36 S. D. 213, 154 N. W. 446; Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923; Berke et al v. McCook County et al, 39 S. D. 579, 165 N. W. 985; First State Bank v. Stock Growers' State Bank, 50 S. D. 28, 208 N. W. 172; O'Lein v. Winesburg, 52 S. D. 8, 216 N. W. 550; Berge v. Yellow Mfg. Acc. Corp., 57 S. D. 306, 232 N. W. 45; Goetz v. Gurney et al, 50 S. D. 337, 210 N. W. 155.

Following the rule heretofore announced, and as there is nothing presented by this record for consideration, the order appealed from is affirmed.

POLLEY and ROBERTS, JJ., concur.

RUDOLPH, P. J., and CAMPBELL, J., absent and not sitting.