LYONS, et al, Respondents, v. SOULEK, et al, Appellants.

(252 N. W. 851.)

(File No. 7556. Opinion filed February 23, 1934.)

*Robert D. Walker,* of Armour, for Appellants.
*J. E. Tipton,* of Lake Andes, for Respondents.

WARREN, J. This is an attempted appeal from a judgment and the order overruling the motion for new trial. From the record it would appear that the defendants upon the trial assumed

the affirmative burden. At the close of the defendants' evidence the plaintiffs made a motion for a directed verdict. This was followed by a motion for a directed verdict for the defendants. The court thereupon dismissed the jury, made findings, conclusions, and a judgment for the plaintiffs. The defendants are here upon an appeal from the judgment and from the order overruling the motion for new trial.

In an examination of appellants' brief, part II, we find the following statement:

"Assignments of Error. Assignments of error are fully set out hereinbefore in Part I. hereof. (B., pp. 27-31.)"

Following the above directions we have turned to part I of appellants' brief and find what is designated as "specifications of error," which consist of a statement in the usual form preceding the numbered specifications of error. Then follow seven numbered paragraphs termed specifications of error.

A search extended further into appellants' brief fails to disclose that the brief contains any assignment of error predicated on the denial of his motion for new trial. The sufficiency of the evidence to support the court's findings of fact is therefore not open to our consideration upon this appeal. In Whaley et al v. Vidal et al, 26 S. D. 300, 304, 128 N. W. 331, 333, this court, treating a similar absence of an assignment, said:

" 'The assignment of errors correspond with the specifications of error and insufficiency of the evidence fully set forth in the bill of exceptions herein and are substantially and almost identically the same, and appear also in the grounds for a motion for a new trial, fully set forth herein. The defendants rely upon and will urge all, the grounds and assignments therein specified.' The specifications of error being part of the bill or statement upon which the motion for a new trial was based do not, of course, mention the ruling on the motion, so it cannot be claimed that the ruling on the motion is assigned as error even by reference. In absence of such assignment, the sufficiency of the evidence to justify the verdict will not be reviewed. Carroll v. Nisbet, 9 S. D. 497, 70 N. W. 634; Barnard & Leas Manufacturing Co. v. Galloway, 5 S. D. 205, 58 N. W. 565; Pierce v. Manning, 2 S. D. 517, 51 N. W. 332."

Since then we have, upon numerous occasions, dealt with the failure of appellant to include in his brief proper assignments of error, holding that this court will adhere to the well-established rule that only such matters as are presented by proper assignments of error will be considered upon appeal. Clark v. Gold Bros. Sec. Co., 60 S. D. 297, 244 N. W. 345; Johnson v. Home Life Ins. Co., 62 S. D. 247, 252 N. W. 641. See, also, Mumford v. Rood, 36 S. D. 80, 85, 153 N. W. 921; Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923, 924; Halverson v. Glass, 36 S. D. 225, 154 N. W. 444; Berke v. McCook County, 39 S. D. 579, 165 N. W. 985; Berge v. Yellow Mfg. Acceptance Corp., 57 S. D. 306, 232 N. W. 45; Seubert v. Fawick Tractor Co., 36 S. D. 213, 154 N. W. 446; O'Lein v. Winesburg, 52 S. D. 8, 216 N. W. 550; First State Bank v. Stock Growers' State Bank, 50 S. D. 28, 208 N. W. 172.

We have also examined the findings of fact and are of the opinion that they justify the conclusions and judgment. The sufficiency of the evidence to support the findings not being reviewable on this record, the order and judgment appealed from are affrmed.

All the Judges concur.